NATHAN S. STARR, Appellant, *v.* SARAH M. STARR, Respondent, et al., Appellants.

The will of S., who died in 1856, after giving to his wife the use and income of one-third of his house and lot and of his store and lot in the city of New York, authorized and directed his executors to lease and rent that portion not devised, to pay all taxes, expenses and charges, "and to divide the residue of the income thereof" among the testator's five children during life, and after death he devised "the same to their heirs in fee forever." In settlement of a suit brought by the widow for dower, the children agreed to keep the house and store in good repair and pay to her one-third of the gross income. The executors thereafter leased both premises, paying her the one-third so agreed upon. In an action brought by a son of one of said children upon the death of his father for partition, the trial court ordered a sale and partition, and that the widow refund one-third of the taxes, repairs, etc.. paid for six years prior to the commencement of the action. *Held*, error; that the testator's intention was to give the executors power to rent the whole premises, paying to the widow one-third of the income, and out of the remainder to pay all expenses; also that while the grandchildren as remaindermen might not be bound by the contract of the parents as life tenants, the construction given by them to the will and acted upon for many years would not be overturned when the provisions were reasonably capable of that construction.

Reported below, 54 Hun, 300.

(Argued February 11, 1892; decided March 8, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made November 7, 1889, which modified by reversing a judgment of partition and for an accounting of rents, entered upon the report of a referee, so far as it imposed any liability upon the defendant Sarah M. Starr.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Theodore H. Silkman* for appellant. The General Term erred in holding that by testator's failure to make any allusion in the fourth clause to the payment of taxes, etc., upon the one-third of the premises in question given to his widow for

life, and by providing in the sixth clause for the payment of
taxes, etc., upon the residue "being two-thirds," which the
executors were authorized to lease under a trust power, an
intention was sufficiently expressed to support the inference
that the taxes, expenses and repairs were not intended to be
divided, but were to be wholly paid out of the proceeds of the
rents and profits of the two-thirds. (*Ritch* v. *Hauxhurst*,
114 N. Y. 512; *Graham* v. *Donnigan*, 3 Bosw. 516.) The
General Term erred in holding that this appellant was in any
way bound by the alleged agreement of compromise dated
October 15, 1858. (*Sharkey* v. *Mansfield*, 90 N. Y. 227;
*Adair* v. *Brimmer*, 74 id. 539.) The General Term was
correct in holding that the provision contained in the fourth
paragraph of testator's will was in lieu and bar of dower of
the defendant Sarah M. Starr. (*In re Zahrt*, 94 N. Y. 605;
*Vernon* v. *Vernon*, 53 id. 351; *Sullivan* v. *McCann*, 2 N.
Y. Supp. 253; *Konvolinka* v. *Schlegel*, 104 N. Y. 125.) The
General Term erred in not granting to the plaintiff a new trial
upon reversal of the judgment of the Special Term. (*Griffin*
v. *Marquardt*, 17 N. Y. 28; *Foot* v. *Ins. Co.*, 61 id. 571.)

*Frederick H. Man* for defendants, appellants. These appel-
lants never assented to the payment to respondent of the
amount she received. (*Adair* v. *Brimmer*, 74 N. Y. 539;
*Duncan* v. *Berlin*, 11 Abb. [N. S.] 116; Code Civ. Pro.
§ 1589; *McCabe* v. *McCabe*, 18 Hun, 153.) Respondent's
interest under the fourth clause of the will was an ordinary
life estate in an undivided third of the property. (*Pinckney*
v. *Pinckney*, 1 Brad. 269.) The sixth clause of the will does
not enlarge the estate given to respondent by the fourth clause,
or charge any of her burdens as life tenant upon any one else.
(*Wylie* v. *Lockwood*, 86 N. Y. 291.)

*Matthew Hale* for respondent. Even if the will be held to
intend ultimately to devise the fee as claimed by the appellants
of either the whole estate or of the "two-thirds" only, this
would, nevertheless, be void for creating a suspension of the

power of alienation of the fee beyond the duration of two lives in being at the time of the creation of the trust estate. (*Field* v. *Field,* 4 Sandf. Ch. 528 ; *Ward* v. *Ward,* 105 N. Y. 74.) If it shall be held that the testator devised the remainder in fee of all his real estate to his grandchildren, nevertheless, the agreement of October 18, 1858, was still binding upon all of the appellants. (*U. S. T. Co.* v. *Roche,* 116 N. Y. 130 ; *Gleason* v. *Ketteltas,* 17 id. 495.) The payments to Mrs. Starr, the defendant and respondent, being voluntary and under a claim of right on her part, and there being no mistake of fact, the money cannot be recovered back in any event. (*Mayor, etc.,* v. *Erben,* 3 Abb. Ct. App. Dec. 255 ; 24 How. Pr. 358 ; 10 Bosw. 189 ; *Flower* v. *Lance,* 59 N. Y. 603 ; *Cox* v. *Mayor, etc.,* 103 id. 519.) The money could not be recovered from her until after specific demand made before this suit. None ever was made. (*Southwick* v. *F. N. Bank,* 84 N. Y. 420, 430.)

HAIGHT, J. This action was brought for a partition and an accounting for the rents of the premises known as No. 7 Great Jones street and No. 5 Barclay street in the city of New York.

On December 3, 1856, Nathan Starr died seized and possessed of these premises. He left a last will and testament the material portions of which are as follows :

"Fourth. I give and bequeath to my wife, Sarah Maria, the use and income of one-third part of my house and lot of land situate and lying in the city of New York and known as No. 7 Great Jones street ; also one-third of the use and income of my store and lot of land in the city of New York and known as No. 5 Barclay street during her natural life.

"Sixth. I authorize and direct my said executors or such of them as shall take upon themselves the execution of this will, the survivor or survivors of them, to lease or rent that portion of my real estate not heretofore devised, being one-third of my house and lot of land known as No. 7 Great Jones street ; also my store and lot of land known as No. 5 Barclay street, from time to time to collect the rents and income thereof, to pay

all taxes, expenses and repairs and all other charges thereon, and to divide the residue of the income thereof and pay the same in equal proportions to my five children, Nathan S. Starr, Harriet W. Barry, Zaloman W. Starr, Mary E. Starr and Frederick A. Starr during their natural lives, and after their death I do devise and bequeath the same to their heirs in fee forever."

Thereafter an action was commenced in the Supreme Court by the widow Sarah Maria Starr against the children of the testator, in which judgment was asked that she have dower admeasured in the premises in addition to that devised to her, and that the provisions of the will be construed by the court and their true intent and meaning declared and adjudged.

Thereupon and on October 18, 1858, an agreement was entered into between the widow and the children of the testator in which such suit was settled and discontinued, she releasing her claim for dower and the children agreeing to keep the house and store in good repair, and to pay her one-third of the rents and income of the real estate, free from taxes, assessments or charges, ordinary and extraordinary. Thereupon the executors leased the whole of such premises and paid her one-third of the gross income therefrom until the commencement of this action.

This action is prosecuted by the plaintiff who is a grandson of the testator and a son of Nathan S. Starr, who was one of the executors appointed under the will to carry out its provisions. The trial court ordered a sale and a partition of the proceeds and out of such proceeds adjudged that the widow refund one-third of the taxes, repairs, insurance, etc., paid upon such premises during the six years prior to the commencement of the action.

The question presented is to be determined by the construction of the sixth clause of the will. The fourth clause gives the use and income of one-third of the real estate mentioned to the widow during her life, and this clause standing alone would doubtless require her to preserve the premises by paying her proportion of the taxes and repairs, and it is

contended that the sixth clause does not change or limit her duty in this regard; that it creates a trust in the executors to rent the remaining two-thirds, to pay the taxes, expenses, repairs and other charges thereon, and to divide the residue among his five children, naming them, during their natural lives. This perhaps is the literal reading of the clause, but does such construction express the intent of the testator? No power of sale so far as the real estate is concerned, is given to the executors. A naked power in trust is created to rent the premises during the lives of the testator's children. The widow is given the use of one-third during her life; the children are given the use of the other two-thirds during their lives. The real estate is covered with buildings; that on Great Jones street is a dwelling-house, and that on Barclay street is a store. If as is claimed, the power in trust is limited to the two-thirds devised to the children for their lives, then it would follow that the executors could rent only two-thirds of the dwelling-house and two-thirds of the store, and the widow would have the right to either occupy or herself rent to others the remaining one-third of each of those buildings, and this right would extend to every room therein. For reasons that will readily suggest themselves, it will at once be seen that such a power would be impracticable, and impossible of execution, unless the widow should voluntarily join with the executors in leasing to the same persons. Although there is no express language extending the power of the executors to the life estate devised to the widow, yet it is quite apparent from the provisions of the will and the situation of the property that such was the intention of the testator.

In construing wills the court may transpose, reject or supply words so that it will express the intention of the testator. (*Phillips* v. *Davies*, 92 N. Y. 200–204; *Tilden* v. *Green*, 40 N. Y. S. R. 512–532; *Pond* v. *Bergh*, 10 Paige, 140.)

Extending the power given to the executors so as to include the life estate of the widow and inserting the proper words expressing such intent, they would be directed to rent the one-third of the premises the income of which was devised to the

widow for life, as well as that portion devised to the children for their lives. With the powers of the executors so extended the sixth clause may be read as construed by the General Term, that is, that the executors are to collect the rents from the two-thirds devised to the children, and out of such rents to pay all the taxes, repairs, etc., thereon, meaning the trust estate, and to divide the residue of the two-thirds among the children.

This view would be in harmony with the concluding clause of the section in which the testator after the death of his children devises and bequeaths " the same " to the heirs of his children in fee forever, the words " the same " meaning the entire trust estate.

Of course, if the widow should at that time still be living, the devise would be subject to her life estate. The language used does not clearly express the intent of the testator and it is left somewhat obscure, but we are inclined to the view that his intentions were as above expressed, and that the will should be so construed.

This view was adopted by the parties to the contract to which we have alluded. It has been acted upon since October, 1858. It was adopted by the guardians of the grandchildren after the death of their parents and was acquiesced in by the plaintiff four years after he became of age. Whilst the grandchildren, as remaindermen, may not be bound by the contract entered into by their parents as life tenants, the construction adopted therein has been accepted and acted upon for so many years and is so eminently just that we should not feel justified in overturning the same, when the provisions of the will are reasonably capable of the construction given and so acted on.

The judgment of the General Term should be affirmed, with costs.

All concur.

Judgment affirmed.