(21 Misc. Rep. 196.)

PAGET et al. v. MELCHER et al.

(Supreme Court, Special Term, New York County. May, 1897.)

1. DEEDS—CONSTRUCTION—ESTATE IN REMAINDER—WHEN VESTED.

P. conveyed certain real property to a trustee, to manage the same and pay the income to his wife, M., during her life, and on her decease to pay such income to him, said P., for life, should he survive his wife, and on the death of the survivor of them "to convey said lands and tenements to the children of the said P., in fee,—the issue of any child of the said P. who shall have died leaving issue living at the death of the survivor of the said P. and M. to take the same share the parent would if living,—and, in default of issue of the said P. living at the time of decease of the survivor of the said P. and M., then to convey the same to the heirs at law of the said P." P. died before his wife, leaving three children,—plaintiff, defendant, and a son who died before his mother, unmarried and without issue, leaving a will whereby he devised one-half of his residuary estate to his mother, and the other half in trust for plaintiff and her issue. The mother left a will whereby she disposed of her property for the benefit of plaintiff. *Held*, that the estate in remainder did not vest until the decease of M., whereupon plaintiff and defendant became entitled thereto in equal shares, as the only descendants of P. then living, no interest therein having passed by the will of the deceased son.

2. WILLS—CONSTRUCTION—BEQUEST OVER—WHO ENTITLED.

Plaintiff and defendant were also entitled, under the will of P., to share equally in the proceeds of certain personal property given to his wife for life, where such will directed that on her decease such property "shall belong to my children, the descendants of any deceased child to take the share their parent would have taken if living, and, if no descendants of mine survive my said wife, then said property shall belong and be delivered over by my executors to the same persons named as residuary legatees, in case of such failure of descendants, in the next clause of this will, and in the same proportions," which clause contains a trust provision for the benefit of testator's wife during her life, with a direction to the trustees on her decease to divide the principal of the trust estate among his children in equal proportions,—the issue of any deceased child to take their parent would have taken if living,—and, in default of any descendants living at the death of his wife, then to certain collateral relatives, as it was the evident purpose of P. that such bequest over should vest only in his descendants who survived the life tenant.

Action by Mary Paget and others against Ellen S. Melcher and others. On exceptions to the report of a referee construing a trust deed and a will. Sustained.

George Hoadly and Ferdinand R. Minrath, for plaintiffs.

Flamen B. Candler and Robert W. Candler, for defendants Jay and others.

George Zabriskie, for defendant Ellen S. Melcher.

BEEKMAN, J.   On the 29th day of April, 1863, Paran Stevens conveyed certain real property in this city to Charles G. Stevens in trust to manage the same, and to pay the net income to his wife, Marietta Stevens, during her life; upon her decease to pay such income to him, the said Paran Stevens, for life, should he survive his wife; and, upon the death of the survivor of them, "to convey the said lands and tenements to the children of the said Paran Stevens in fee, the issue of any child of the said Paran who shall have died leaving issue living at the death of the survivor of the said Paran and Marietta to take the same share the parent would if living; and, in default of issue of the said Paran living at the time of decease of the survivor of the said Paran and Marietta, then to convey the same to the heirs at law of the said Paran Stevens."   Mr. Stevens died before his wife, leaving three children,—the defendant Ellen S. Melcher, the plaintiff Mary Paget, and Henry L. Stevens, the latter of whom died before his mother, never having married, and without leaving any issue.   Marietta Stevens died on the 3d day of April, 1895, and the title to the property in question thereupon vested in possession in those who were entitled in remainder by the terms of the deed of trust.   Who these may be has become the subject of a controversy which the court is called upon to determine in this action.   It appears that Henry L. Stevens, the son, left a will, under which he bequeathed certain legacies, and then devised and bequeathed one-half of his residuary estate to his mother, and the other half in trust for the benefit of his sister Mrs. Paget and her issue.   Mrs. Melcher was excluded entirely from any interest in his estate.   Mrs. Stevens, the mother, left a will under which she disposed of her property for the benefit of her daughter Mrs. Paget and her issue.   It is contended on the part of the plaintiffs that upon the execution and delivery of the deed in question an estate in remainder vested in the children then living of Paran Stevens, subject to the rights of any children who might thereafter come into being, but that the share of each child was subject to be devested in either of two contingencies:   (1) Should such child die before the termination of the trust, leaving issue who should be living at the time of the death of the survivor of the beneficiaries for life; (2) should there be no descendants of Paran Stevens living at the time of the decease of such survivor.   If this claim is well founded, then the share intended for Henry L. Stevens under the deed passed under his will, and Mrs. Melcher is entitled only to a third of the property, instead of to an undivided half, which she claims.   Her contention is that the remainders did not vest upon the creation of the estate, but that futurity was attached to the substance of the gift, and that survivorship conditioned the right of each child to any interest in the property.   Many cases have been cited on both sides in support of these propositions.   Some of them, of equal sanction, appear to be conflicting.   But it is to be remembered

that the end sought in all such cases is the actual intention of the grantor or testator, which, when ascertained, must prevail, except where it transcends some positive rule of law which limits or controls the power of disposition. Rules, however, have been devised by the courts in aid of construction. They are therefore tributary to the object in view, and, from the nature of the case, cannot be applied so as to impose upon an instrument a meaning which seems out of harmony with the actual intention of its author. What the intention was depends upon a consideration of all the provisions of the instrument and the surrounding circumstances at the time of its execution, and, in the infinite variety of these, it seldom happens that the decision of one case may be accepted as an authority controlling that of another.

I cannot agree with the conclusion of the referee that Henry L. Stevens had a vested interest under the deed, which passed under his will to those now claiming it. I think that a consideration of the deed as a whole reveals a plain purpose on the part of the grantor that the property should pass to his descendants living at the time of the termination of the trust, and that the conditions then existing should determine the vesting of the estates in remainder. The grant, if it can be so called, is to the children as a class, with substitutionary gifts to the issue of any child who might die before the falling in of the life estates; but such issue must be living at the time of the decease of the survivor of the beneficiaries for life, in order to take, and they are to take the share which their parent would have taken if he or she had then been living. Whoever these descendants might be, whether child, children, or issue of deceased child or children, so long as one individual coming within the description should be found in existence on the termination of the life interests, the whole estate in remainder was to pass to such person or persons. That the grantor's mind was dwelling upon the conditions which might exist at the time the trust estates terminated. as determinative of the vesting of the remainder, is further indicated by the direction which he gives to the trustee to convey to his heirs at law, should it then be found that none of his descendants are living. It is conceded that, if this had been the case when Mrs. Stevens died, whatever interest Henry L. Stevens took under the deed would have been defeated, that his devisees would have acquired no interest in the property under his will, and that the whole estate would have passed to such heirs at law. A reconciliation of this obvious fact with the claim made by the plaintiffs compels the further concession that the vested interest claimed for Henry was subject to be devested, not only by his death leaving issue, but also by the death of all of the other descendants of his father before the falling in of the life interests; so that, upon the plaintiffs' theory, if all of the children should have died, and there should be no living issue of them except a child of Mrs. Paget, then the grantees, devisees, or heirs at law of the other deceased children would take, while, if that child had also died before Mrs. Stevens, such grantees, devisees, or heirs at law would take nothing. In short, their rights and interests are made to depend upon the vesting of another right in some one else, who is in no way whatsoever affected by

the result.    The fact that such a condition strikes the mind as crude, and without logical place in an intelligent scheme of disposition, contributes to the doubt of the soundness of the construction out of which it springs.    I am satisfied that Mr. Stevens never contemplated any such effect of the instrument he executed, but that he intended, as far as the law would permit him to do so, to insure the preservation of the property affected by the grant for the ultimate benefit of his descendants who might survive himself and his wife, and that in his mind this end was of at least equal importance with the provision for its beneficial use by his wife and himself during their lives.    In aid of this construction it is proper to appeal to the rule that where there is no direct gift to the children, but simply a direction to convey or to pay or divide at a future time, the vesting will not take effect until that time arrives.    Warner v. Durant, 76 N. Y. 133; Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805; In re Baer, 147 N. Y. 348, 41 N. E. 702; Delafield v. Shipman, 103 N. Y. 463, 9 N. E. 184.    In the case of Delafield v. Shipman, Earl, J., says (page 468, 103 N. Y., and page 185, 9 N. E.):

"In Smith v. Edwards, 88 N. Y. 92, Finch, J., said that 'it has been often held that, if futurity is annexed to the substance of the gift, the vesting is suspended,' and that, 'when the only gift is in the direction to pay or distribute at a future time, the case is not to be ranked with those in which the payment or distribution only is deferred, but is one in which time is of the essence of the gift.' These general rules must control the construction of this will, as there is nothing in its context or general language which renders them inapplicable. This construction, too, is in harmony with the presumed intention of the testator. He vested the whole estate in the trustees during the life of his widow, and during that time evidently intended that it should remain there, and not be subject to the disposal of his children, or liable to be seized by their creditors; and after the death of his widow he gave it, not to the children living at his death, but to the children, and descendants of children deceased, living at her death."

The same language might with propriety be used with respect to the case at bar, and it may with equal force be said that Mr. Stevens did not intend that his children should be in a position to make an improvident disposition of his bounty, or that his carefully guarded provisions in their favor should be subject to appropriation for their debts before their interests vested in possession.    About the existence of the rule of construction above mentioned there can be no doubt.    Whatever difficulty exists when it is invoked arises with respect to the extent and propriety of its application to the state of facts then before the court.    The true limitation of the rule is tersely expressed by Andrews, C. J., in Campbell v. Stokes, 142 N. Y. 23, 36 N. E. 811, where, in refusing to apply it to the case in hand, he says (page 29, 142 N. Y., and page 812, 36 N. E.):

"It is a rule for ascertaining the real intention of a testator, and not for defeating it."

He also refers to the case of Townshend v. Frommer, supra, where the rule in question was applied to a deed in some respects resembling the one now under consideration, and says (page 30, 142 N. Y., and page 812, 36 N. E.):

"The intention of the grantor, deduced by the court from the transaction, was to postpone the accruing of any future interests until that event happened. The present case affords no ground for such a presumption."

The event referred to was the termination of the particular estate. It is claimed that these two cases are irreconcilable. But the rule which was invoked in Townshend v. Frommer was not repudiated in the case of Campbell v. Stokes. It was conceded to exist, but its application to the latter case was refused upon the ground of a different state of facts, indicating an intention not in harmony with the rule. In fact, these and other cases on the same point illustrate the principle that the rule, like other rules of construction, must not be used to defeat the actual intention of the grantor or testator, which may be revealed by the facts of the particular case under consideration. It is perhaps also proper to call attention to the fact that in Campbell v. Stokes the sole question which the court had to decide was whether the parties, the nature of whose estates or interests was in dispute, should have been made parties to a partition suit, and it was held that they were necessary parties, whether their remainders were vested or contingent; so that, whatever view the court might have taken with respect to the nature of the interests, the decision must have been the same. The rule under consideration was again reiterated and applied by the court of appeals in Re Baer, 147 N. Y. 348, 41 N. E. 702, and still later by the appellate division in the case of Clark v. Cammann, 14 App. Div. 127, 43 N. Y. Supp. 575. I am of the opinion that it is applicable to the case at bar, that it is in harmony with the presumed intention of the grantor, and that upon the death of Mrs. Stevens the plaintiff and the defendant Ellen S. Melcher became entitled to the premises in question in equal shares. The exceptions to the findings of the referee holding the contrary are therefore sustained.

The exceptions to the referee's report also raise a similar question under the will of Paran Stevens. This will bears date on the 10th day of July, 1869,—about six years after the execution of the deed above mentioned. By the third and fourth paragraphs the testator gives to his wife, for life, certain furniture, works of art, and other chattels, and directs that upon her decease such property "shall belong to my children,—the descendants of any deceased child to take the share their parent would have taken if living; and, if no descendants of mine survive my said wife, then said property shall belong and be delivered over by my executors to the same persons named as residuary legatees, in case of such failure of descendants in the next clause of this will, and in the same proportions." The fifth clause thus referred to contains a trust provision for the benefit of testator's wife during her life, with a direction to the trustees upon her decease to divide the principal of the trust estate among his children in equal proportions; the issue of any deceased child to take the share their parent would have taken if living. Immediately following is this provision:

"In case, at the death of my said wife, there shall be no descendants of mine living, then said trustees shall divide said trust estate and fund into three parts, and shall pay and deliver one-third part thereof to Charles G. Stevens and Sarah I. Pease, children of my deceased brother, Godfrey Stevens, late of Claremont, New Hampshire; one other third part thereof my said trustees shall pay and deliver to Sarah M. Stimpson, of Boston, Massachusetts, Catherine C. Hubbard, of Detroit, Michigan, and Samuel P. Fiske, of Claremont, New Hampshire, in equal shares, and the remaining third part thereof they shall pay

and deliver to my sister, Miranda Fiske, wife of said Samuel P. Fiske, if she be living, and, if she be deceased, then to my wife's sisters, Carrie Richardson, Fanny Reed, Harriet Reed, and Annie Reed, in equal shares."

The testator further provides that, if any of these legatees shall not be living at the decease of his wife, the share of such deceased person shall pass to his or her descendants, if any. The share of his sister, Miranda, he directs shall be held in trust for her benefit during her life, and upon her decease shall be paid to his wife's sisters above mentioned, in equal shares, with substitutionary gifts over to their issue if they shall have predeceased her. The personal property affected by the third and fourth clauses of the will, and thus disposed of, has been sold, and the court is called upon to determine how the fund shall be distributed. The question arises upon the nature and quality of the interest taken by testator's son Henry L. Stevens. If it was conditional upon his surviving his mother, then Mrs. Melcher is entitled to one-half of the fund. If, however, it was unaffected by such a condition, the share allotted to him passed under his will; and, as Mrs. Melcher is excluded from its provisions, her interest would be reduced to one-third. It is contended by the plaintiffs that upon the decease of testator the shares of his children became vested, subject to be devested either by their decease before the life tenant leaving issue, who should be living when the life estate terminated, or in the event that all of them should die before the life tenant without leaving descendants living at the time of such life tenant's decease. It is claimed that the law favors the vesting of estates, and equality among children, and that the application of these rules determines the controversy in favor of their contention. Many cases have been cited where these rules, the existence of which is indisputable, have been applied; but, as has already been said, they are canons of construction which yield to the actual intention of the testator, where that is otherwise plainly disclosed, and are instrumentalities for ascertaining, not subverting, such intention. Bisson v. Railroad Co., 143 N. Y. 125, 128, 38 N. E. 104. I gather from the will a similar intention to that which it seems to me characterizes the disposition of the remainders under the deed of trust. The testator had three classes of persons in mind, whom he intended to benefit: (1) His widow, who was to enjoy a beneficial interest during her life; (2) his descendants, either children or issue of deceased children, as the case might be; (3) certain collateral relatives, for whom most elaborate provision is made, failing any such descendants. It seems to me a natural conclusion that the testator intended that the property should pass as a whole to his descendants as a class, whoever might be within it when the life estate had fallen in; for it is upon the nonexistence at that time of any person coming within the classification which determines the devolution of the whole upon the legatees to whom, in that event, testator gives the property. The other theory makes the share of each child a vested one, subject not only to divestiture in case of death leaving issue in being when the life estate terminates, but subject also to defeat if other descendants of the testator, although having no interest in such share, shall also fail to survive the tenant for life. As has been already said, the

reasonableness of such a condition as the latter fails to suggest itself. If the testator intended that his children should possess a disposable interest in the property which they might not live to enjoy, would he have hampered it with conditions which deprived it of any salable value? Further, is it natural to suppose that any one of his children, although dying before the life tenant, without issue, should have the power by will to dispose of a share of the property to strangers, when it is conceded that, if all of testator's descendants had died before the life tenant, no such attempted testamentary disposition of the property could take effect? It must be assumed that the testator contemplated a reasonable, natural, and coherent scheme for the disposal of his estate, so that, where a construction is proposed which is not entirely answerable to this test, the court should hesitate to adopt it, if another is possible which is free from this objection. It is, I think, the more natural and reasonable construction that the testator intended that none but his descendants should enjoy his bounty, if any should be living when the particular estate terminated, and that, where the exigencies of the case compelled a devolution of title upon others, the latter should be those of his own selection. An examination of other portions of the will shows the same solicitude on the part of the testator to postpone the vesting of remainders until the termination of the precedent estate. In the disposition of his residuary estate he erects a trust in an undivided third for the benefit of each of his three children. It is of interest to note the disposition made in each case of the remainder. In the case of Mrs. Melcher the testator provides that upon the termination of the trust estate the principal shall be paid over to her children equally; the issue of any deceased child to take the share the parent would have taken if living. In default of "descendants" of the said Ellen living at that time, it is directed that the fund shall be disposed of, one-half to his wife, if she be then living, and the other half, or, if his wife be then dead, the whole, in the same manner as he had already provided in the fifth clause of his will, to which reference has been already made, and which was, in a similar contingency, as we have seen, made applicable to the third and fourth clauses before the court for construction. In the case of Mrs. Paget there is a similar limitation over in favor of her issue, and in case she should not "leave any descendants," her surviving, the trustees are directed to pay and convey the fund to her brother and sister, the descendants of either who may have predeceased her to take the parent's share. If either shall have died leaving no descendants "who shall be then surviving, the other, or in case [he or] she shall also be deceased, his or her descendants, shall receive the whole of said principal sum of said fund." If no descendants of the testator should be then living, the fund is disposed of in the same manner as is directed in a similar event in the case of Mrs. Melcher's share. The limitation over in the case of so much of the share of Henry W. Stevens as is directed to be held in trust during his life is, mutatis mutandis, the same. We have thus the fairly well disclosed intention on the part of testator that his estate should pass to his descendants in existence at the time of the termination of the particular estate upon which

the limitations over depended, and that, if his line failed, then, and only then, should others participate, and in that event only those selected by him, and designated in the fifth clause, which, it will have been observed, is substantially applicable to the whole estate. Attention has been called to the fact that in limiting the remainder of the property in question, disposed of by him under the third and fourth clauses of the will, the testator uses the words, "shall belong to my children," etc. The claim is made that this is equivalent to a direct gift in terms having the same significance as if he had used the words, "I give and bequeath to my children," etc., and that the case is not, therefore, one where futurity attaches to the substance of the gift. But, as I have already said, while particular words or forms of expression are useful in bringing into play some associated rule of construction, the applicability of the rule as a solvent is dependent upon the consistency of the result with the general intention of the testator which the will, as a whole, discloses. Conceding that the words "shall belong" are words of gift, the inference which, as a matter of construction, might otherwise be drawn from their use, must yield to the general intention of the testator, which, as it presents itself to me, reveals a purpose that the bequest over should vest only in his descendants who survived the life tenant.

The conclusion which follows is that no part of the property in question passed under the will of Henry L. Stevens, but that, upon the death of Marietta Stevens, Mrs. Paget and Mrs. Melcher, the surviving children, took the same in equal shares, and are therefore entitled to share equally in the proceeds of sale. The exceptions upon which the question is brought up are therefore sustained. The judgment should be settled on notice. Ordered accordingly.