TYNDALL et al. v. FLEMING et al.

(Supreme Court, Appellate Division, Second Department. January 24, 1908.)

1. WILLS—RULES OF CONSTRUCTION.

In construing wills, effect should be given, if possible, to all the language used, the qualifying words as well as the words of devise, since qualifying words do not create repugnance, but are to be harmonized with the words which they qualify.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 988.]

2. SAME—ESTATE DEVISED.

Where testator devised property to his daughter, her heirs, etc., forever, providing that, in case she should die without lawful issue her surviving, the property was to go to certain nephews, etc., and to such children of one of testator's sisters as might be living at the time of the death of the daughter, the daughter took a fee, subject to being devested on her death without lawful issue her surviving.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, § 1354.]

Appeal from Special Term, Kings County.

Action by George Tyndall and others, infants, by guardian ad litem, against Minnie Fleming and others. From the judgment, plaintiffs appeal. Affirmed.

Argued before WOODWARD, JENKS, RICH, MILLER, and GAYNOR, JJ.

John M. O'Neill, for appellants.
George C. Case, for respondents.

MILLER, J. This is an action in ejectment. The appeal is from a judgment dismissing the complaint, entered on the decision of the Special Term after a trial. It involves the construction of the following clause of the will of Albert Emmans, who died December 4, 1858, viz.:

"Fifth. I give, devise and bequeath all the rest, residue and remainder of my estate, both real and personal of what nature, kind or description soever the same may be and wheresoever the same may be situated unto Margaret Van Dyke, who now resides with me and who is my daughter by Ruth Van Dyke. To have and to hold the same to her and to her heirs, executors, administrators and assigns forever. But in case my said daughter Margaret should die without lawful issue her surviving, then, and in that case, I give, devise and bequeath all said rest, residue and remainder of my estate herein-

above given to said Margaret unto my nephews Stephen Williamson, John Emmans, Nicholas Emmans and David Emmans, my niece Margaret, wife of John I. Snedeker, my niece Sarah Fleming, wife of Joseph Fleming, and to such children of my sister Maria Napier as may be living at the time of the decease of my said daughter Margaret to be equally divided between them share and share alike, to have and to hold the same to them severally and respectively and to their several and respective heirs, executors, administrators and assigns forever."

The plaintiffs claim under said Margaret Van Dyke; the defendants, under Harry Fleming, the son of said Sarah Fleming. Margaret Van Dyke died January 13, 1875, intestate and without issue. The premises in question are salt meadow lands, and were a part of and contiguous to farm lands owned and occupied in his lifetime by said Albert Emmans. In 1876 the entire premises were partitioned among the nephews and nieces of said Albert Emmans living at the time of the decease of the said Margaret Van Dyke; each tenant in common being allotted a portion of the upland and a portion of the salt meadow. The grass has been cut on said meadow each year since 1875, and rent therefor paid to the Fleming family. Said Margaret Van Dyke was the illegitimate daughter of said Albert Emmans. She was survived by her mother, Ruth Van Dyke, and the plaintiffs are the children of one of the mother's heirs, and as such claim to own one twenty-eighth part of the premises in question. The appellants contend that upon the death of Albert Emmans an absolute unconditional fee vested in Margaret Van Dyke by virtue of the provisions of his will quoted supra. They rely upon two well-settled rules of construction, viz.:

"(a) That an estate given in one part of the will in clear and decisive terms will not be taken away or cut down by any subsequent words not equally clear and decisive.

"(b) That where there is a bequest or devise to a person absolutely, and in the event of his death to another person, the contingency refers to a death during the life of the testator."

Rules of construction are intended to aid in determining the intention of the testator, not to defeat such intention when clearly manifested. Effect should be given, if possible, to all the language used, the qualifying words as well as the words of devise. Qualifying words do not create repugnance, but are to be harmonized with the words which they qualify, and if, when thus harmonized, the intention is manifest, there should be no difficulty in giving it effect. The qualifying words of the clause under consideration, if they are such, are as clear and decisive as the words of devise; hence the first rule quoted supra does not apply, and the question remains whether, under the second rule quoted supra, those words are words of limitation or of substitutionary devise. It may be conceded that the contingency referred to (i. e., the death of Margaret), though coupled with another contingency (i. e., death "without lawful issue her surviving"), if there were nothing else in the will to disclose the intention of the testator, would refer to a death in the lifetime of the testator, because so the cases uniformly hold. But I think that the testator used other language clearly indicating that the contingency he had in mind was the death of Margaret at any time, for he said:

"Then, and in that case, I give, devise and bequeath all said rest, residue and remainder of my estate hereinabove given to said Margaret unto  *  *  * and to such children of my sister Maria Napier as may be living at the time of the decease of my said daughter Margaret."

Thus, I think, he clearly evidenced an intention to provide, not for substitutionary devises, but for conditional limitations to take effect upon the death of Margaret without issue her surviving. The devisees named are to take, not upon the death of the testator, but upon the death of Margaret. I think, when the entire clause is read, the testator's intention is not in doubt, and that he intended Margaret should have a fee, vesting upon his death, subject to being divested upon her death without lawful issue her surviving. While no case precisely like this has been called to our attention, exceptions to the general rule have frequently been iterated; i. e., cases where a point of time is mentioned other than the death of the testator, where a life estate intervenes, or where the context of the will clearly evidences the intent of the testator. The exceptions are not limited to the single case, stated by the appellants, where a life estate intervenes. Vanderzee v. Slingerland et al., 103 N. Y. 47, 8 N. E. 247, 57 Am. Rep. 701; Mead v. Maben et al., 131 N. Y. 255, 30 N. E. 98; Matter of Denton, 137 N. Y. 428, 33 N. E. 482; Matter of Baer, 147 N. Y. 348, 41 N. E. 702.

As the plaintiffs cannot maintain their action without proving title, it is unnecessary to consider the other points urged by them.

The judgment should be affirmed.

Judgment affirmed, with costs. All concur.