In the Matter of the Judicial Settlement of the Account of BARNET SHULSKY, as Executor and Trustee, etc., of HYMAN SHULSKY, Deceased.

Surrogate's Court, Bronx County, January, 1923.

**Wills — construction — trusts — direction that specific income be paid life beneficiary — when principal applicable.**

A provision in a will for the support of testator's wife and children will be so construed as to accomplish the purpose intended.

Testator left him surviving his wife and three minor children, and with the declared testamentary intention to devise certain real property to her " free and clear of all encumbrances " devised the same to her with direction that his executors

"pay all encumbrances existing against" the property.  One-half of the residuary estate was devised and bequeathed to his executors in trust for his wife, she to receive the income during her life, and at her death the principal to be divided among their children her surviving.  One-sixth of the residuary estate was devised and bequeathed to the executors in trust for each of two of testator's children during their respective minorities and for one until her marriage, with direction to "turn over the entire principal and interest of the fund" held in trust for each child, to such child when two of them reached the age of twenty-one years and the other was married, respectively.  The executors and trustees, pending the termination of the trust, were directed to pay to testator's widow out of the income and interest of each of such trust funds, not exceeding $600 a year, for the support and maintenance of each child.  The paragraph of the will which followed those setting up the trusts for testator's wife and children provided: "In the event of the combined incomes from the trust funds herein created for the benefit of my wife and my children, being less than seventy-five ($75) dollars per week, during the minority of all my children, I direct my executors and trustees to take such difference from the principal as may be necessary to make up said seventy-five ($75) dollars per week, during the minority of all my children."  *Held*, that it was the intention of the testator that if the combined incomes from the trust funds amounted to less than seventy-five dollars per week, the executors and trustees were to make up the difference from the principals of such of the trust funds as were still in their hands at that time and that the widow was to receive seventy-five dollars a week until the youngest child became of age.

The word "principal" in the above-quoted paragraph of the will should not be construed to mean the principal of the trust fund for testator's wife only.

When the intent of a testator has been clearly ascertained from the language of his will, words therein may be defined and even eliminated, supplied or transposed to effectuate the testamentary intent.

PROCEEDING to construe a will.

*Harry Aaron*, for executors and trustees.

*Grossfield Bros.*, for widow.

*William J. McKeown*, special guardian for infants.

SCHULZ, S.  The decedent left him surviving his wife and three minor children.  By his last will and testament, after a direction as to the payment of his debts, etc., and a legacy of $500 to a sister, he bequeathed his household furniture and effects and his automobile to his wife.  He also devised certain real estate to her, directed his executors "to pay all encumbrances existing against" the same and stated that it was his intention to devise said property to her "free and clear of all encumbrances."  One-half of the residue he gave, devised and bequeathed to his executors and trustees in trust for his wife, she to receive the income during her life, and upon her death the principal to be divided among their children, her surviving.  One-sixth thereof he gave, bequeathed and devised to his executors and trustees in trust for each of his children, for two during their respective minorities and for one

until her marriage, and directed them " to turn over the entire principal and interest of the fund " held in trust for each child to such child when two of them reached the age of twenty-one years and the other was married, respectively. Pending the termination of the trust he directed the executors and trustees to pay to his wife out of the income and interest of each of such trust funds a sum not exceeding $600 a year for the support and maintenance of each child.

By the 10th paragraph of his will he provided as follows: " In the event of the ·combined incomes from the trust funds herein created for the benefit of my wife and my children, being less than seventy five ($75) dollars per week, during the minority of all my children, I direct my executors and trustees to take such difference from the principal as may be necessary to make up said seventy five ($75) dollars per week, during the minority of all my children."

A construction as to three matters is requested. The executors are in doubt as to who is chargeable with the interest on mortgages which were liens upon the real estate devised by the decedent to his wife, and which accrued before and after his death and up to the dates of maturity of such mortgages.

The devise took effect upon the death of the testator and the mortgages were encumbrances upon the real estate at that time, for the principals thereof plus accrued interest and plus the right to accruing interest in the mortgagee. The devisee was to enjoy the property " free and clear of· all encumbrances;" hence, the interest, as well as the principals, is chargeable against and should be paid out of the estate and not by the widow.

The second question arises from the language of paragraph X. Did the testator by the word " principal " there used mean the principal of the trust fund for his wife only, or did he also mean the principals of the trust funds established for his children?·

It is evident that the decedent intended, pending the trusts, to provide for his wife and children out of the residue of his estate by giving his wife the income of one-half thereof and applying to the use of each of the children the income of one-third of the other half until two were respectively twenty-one years of age and the other was married. By the 10th paragraph of the will, however, he added to and qualified all that he had theretofore expressed by indicating clearly that he had one dominant intent, namely, that his wife was to have not less than the sum of seventy-five dollars per week during the minority of his children. It is evident that he wished his wife to receive this amount for the support and maintenance of herself and of her children while they were minors, and in order to provide the sum which he deemed adequate for that

purpose, he directed his executors and trustees to make up the difference from the principal in the event that the combined incomes from the trust funds that he had created did not amount thereto.

Paragraph X follows the four paragraphs of the will which set up the trusts for the testator's wife and three children, and in it he speaks of the " combined incomes from the trust funds " and then makes the direction with regard to principal. When he used the word " principal," he was referring to the principal of all of these trust funds of which he had just spoken and not to any one of them. I see no reason for construing the word " principal " to mean the principal of the trust fund for his wife only.

While the general rule is well established that words which tend to cut down bequests in a will must be as clear as those in which the bequest is made, I think the manifest intent of the testator gathered from a reading of his whole will, together with the language used, shows clearly what his intent was, and that intent should, and in view of the language used may, be given effect. *Marks* v. *Halligan*, 61 App. Div. 179; *Roe* v. *Vingut*, 117 N. Y. 204, 212; *Felter* v. *Ackerson*, 35 App. Div. 282; *Matter of Hoffman*, 140 id. 121, 125; modified in other respects, 201 N. Y. 247.

Even though the language of paragraph X were not as clear, definite and certain as that which preceded it in the will, if the whole document discloses the intention, the rules of construction must give way. Rules for the interpretation of wills are canons of construction which yield to the actual intention of the testator, where that is otherwise plainly disclosed, and are instrumentalities for ascertaining, not subverting, such intention. *Paget* v. *Melcher*, 21 Misc. Rep. 196; *Tyndall* v. *Fleming*, 123 App. Div. 837, 839; *Robinson* v. *Martin*, 200 N. Y. 159. It is only where the will fails to express or disclose the intention of the testator that resort is had to the technical rules of construction established by the decisions. *Robinson* v. *Martin, supra.* Effect should be given, if possible, to all of the language used in the will; qualifying words are to be harmonized with the words they qualify, and if, when harmonized, the intention is manifest, it should be given effect. *Tyndall* v. *Fleming, supra.* The provisions in the will for the support of the testator's wife and children should receive the most favorable construction to accomplish the purpose intended. *Thurber* v. *Chambers*, 66 N. Y. 42; *Stimson* v. *Vroman*, 99 id. 74.

I reach the conclusion that the testator intended that if the combined incomes from the trust funds amounted to less than seventy-five dollars per week, the executors and trustees were to take the difference from the principals of such of the trust funds as were still in their hands at that time.

The last element of uncertainty is due to the provision that the weekly sum of seventy-five dollars shall be made up out of principal, if necessary, during the minority of all of his children. Was it the intention of the decedent that the right of his wife to receive at least seventy-five dollars per week was to end when the oldest of his three children attained the age of twenty-one years, or did he intend that she should receive that amount while any of the children were still minors?

The former construction would no doubt be possible, if the words were taken standing alone by themselves, but they must be considered in the light of the circumstances and in connection with the other parts of the will. See cases cited in *Matter of Gorges*, 120 Misc. Rep. 171.

When the decedent died, it appears that his three children were respectively five, eleven and twelve years of age. If he intended that there was to be a change when one child reached the age of twenty-one years, he would probably have made a proportionate deduction in the weekly allowance, rather than to have fixed no minimum amount at all under those circumstances, and thus possibly bring about a situation where his widow would be left with one or two of his children still under age, and with an inadequate amount of income upon which to subsist and keep up her home.

I conclude that by the language quoted, the decedent meant that such amount was to be paid to her during such time as any of the children were still minors, that is to say, until the youngest child was twenty-one years of age. It was to carry out this intent that the testator used the word " all," which is frequently used in the sense of " each " or " every one of." *Sherbourne* v. *Sischo*, 143 Mass. 442; Black L. Dict.; Bouvier L. Dict., Words & Phrases. In construing a will when the intent of the testator has been clearly ascertained, words may be defined and even eliminated, supplied or transposed to effectuate the same. *Starr* v. *Starr*, 132 N. Y. 154; *Phillips* v. *Davies*, 92 id. 199, 204; *Eidt* v. *Eidt*, 203 id. 325, 328.

As to the claim of the attorney who is also one of the executors, it was stipulated that a statement of services rendered by him be considered true, correct and accurate, and that the surrogate determine his reasonable compensation for the services therein set forth with certain eliminations in the stipulation stated. I have considered the services in question, and in my opinion they are of the fair and reasonable value of $1,500.

Costs to be taxed will be awarded to the petitioner and the widow of the decedent and an allowance made to the special guardian.

Settle decision and decree accordingly.

Decreed accordingly.