## In the Matter of the Estate of SAMUEL A. KNAPP, Deceased.

Surrogate's Court, Westchester County, June 2, 1938.

*Cavanaugh & Konrad*, for Frank Knapp and James H. Cavanaugh, as executors and trustees, etc., of decedent.

*Wingate & Cullen*, for Harriett Pendleton Burt and P. Raymond Faulenbeek, as executors, etc., of Harry Odell Burt.

*J. Edward Quinn*, special guardian.

*J. Leo O'Brien*, special guardian.

MILLARD, S.  In this accounting proceeding the executors and trustees have requested a construction of the will of this decedent.

Decedent died on June 10, 1935.  At that time he was approximately seventy-six years of age.  He left a will which was admitted to probate on July 10, 1935, and letters testamentary were issued to Frank Knapp and James H. Cavanaugh, the executors and trustees named in said will.  Subsequently letters of trusteeship were issued to them.

In paragraph "third" of his will, testator gave one-half of his residuary estate to his nephew, Frank Knapp, and his attorney, James H. Cavanaugh, in trust for the use and benefit of his wife, Ella M. Knapp, an incompetent person. On the death of his wife, the trustees are directed to pay over and deliver all of the principal of said trust fund to a niece, Grace Odell Burt, or in the event of her death prior to that of his wife, the trustees are to pay over and deliver " to the descendants of my niece, the children of any deceased child to take the same share their parent would have taken if living."

Paragraph "fourth," that part of the will pertinent to the present inquiry, reads as follows:

"*Fourth.* I give, devise and bequeath the remaining one-half of all the rest, residue and remainder of my estate, real as well as personal and wheresoever situate, to my nephew, Frank Knapp, and my niece, Grace Odell Burt, in equal shares, to have and to hold unto themselves, their heirs, personal representatives and assigns absolutely and forever, according to the nature of the property, the children of any deceased child to take the same share their parent would have taken if living."

The testator and Ella M. Knapp, his wife, were married prior to the year 1891. There never was any issue of said marriage. The said Ella M. Knapp was committed to the Hudson River State Hospital at Poughkeepsie, N. Y., on July 18, 1896. She has been ever since, and still is, an inmate in that institution. She was adjudged a lunatic by the Supreme Court of Westchester county on or about September 18, 1900.

Grace Odell Burt, niece of the decedent and one of the legatees named in the will, predeceased the testator, leaving, as her only issue, a son, Harry Odell Burt. The said Harry Odell Burt survived the testator but died during the month of March, 1936, leaving a widow, Harriett Pendleton Burt, and Elizabeth P. Burt, an infant daughter. Harry Odell Burt left a will which was admitted to probate in the Surrogate's Court of Kings county on or about May 1, 1936. Letters testamentary were issued to his widow, Harriett Pendleton Burt, and P. Raymond Haulenbeek.

Because of the death of Grace Odell Burt prior to that of the testator, a question has arisen as to the disposition of the share of this estate which the said Grace Odell Burt would have taken if living. Paragraph "fourth" of the will gives the remaining half of the residuary estate to a nephew, Frank Knapp, and a niece, Grace Odell Burt, in equal shares, and provides for a gift over in the event of their death before the death of the testator, in the following words: " the children of any deceased child to take

the same share their parent would have taken if living." Practically identical language is used in the " third " paragraph of the will, where the words used are as follows: " In the event of the death of my niece, Grace Odell Burt before my wife, Ella M. Knapp, I direct my said Trustees to pay over and deliver all of the principal of said trust fund to the descendants of my niece, the children of any deceased child to take the same share their parent would have taken if living."

It is contended by the executors of Harry Odell Burt and acquiesced in by the special guardian herein, that the testator's intention is effectuated by giving to the word " child " the natural meaning which it imports as used in paragraphs " third " and " fourth " of the will, and that is " legatee " of nephew or niece, as the case may be. The court is in agreement with this interpretation.

In the interpretation of a will the consideration of paramount importance is to ascertain the intention of the testator as expressed in the will. All of the rules for the interpretation of wills are subordinate to the requirement that the intention of the testator should be sought and given effect when that may lawfully be done. (*Matter of Kenny*, 224 App. Div. 152, 156; affd., 250 N. Y. 594.) In determining such intention, the courts are limited to the words which the testator has himself used in the will (*Matter of Durand*, 250 N. Y. 45), but, if there is any ambiguity, that construction should be adopted which will best carry testator's intention into effect. (*Matter of Rossiter*, 134 Misc. 837, 840; affd., 229 App. Div. 730; affd., 254 N. Y. 583, and cases cited.) Words are never to be rejected as meaningless or repugnant if by any reasonable construction they may be made consistent and significant. (*Matter of Buechner*, 226 N. Y. 440, 443.) In construing a will when the intent of the testator has been clearly ascertained, words may be defined and even eliminated, supplied or transposed to effectuate the same. (*Matter of Shulsky*, 120 Misc. 232, 236, and cases cited; *Matter of Gallien*, 247 N. Y. 195.)

It is apparent, from a reading of the will, that the testator did not intend to die intestate as to any of his property nor did he intend that the gifts to his nephew or niece should lapse. He accordingly safeguarded against these eventualities by providing that " the children of any deceased child " should take the same share their parent would have taken if living. In my opinion he used the words " children of any deceased child " as referring to the child or children of his *nephew or niece*, as the case might be, and not in any other sense.

Paragraph " fourth " of the will is construed accordingly.

Settle decree.