## In the Matter of the Estate of WILLIAM H. O'NEIL, Deceased.

Surrogate's Court, Putnam County, June 6, 1940.

*Samuel Sapowitch*, for Susanne M. Lenihan, as administratrix *c. t. a., d. b. n.*

*J. Roland Stevenson*, special guardian for infants.

BAILEY, S. There is before the court for intermediate judicial settlement the accounts of the administratrix *c. t. a., d. b. n.* The petition and the account each recite as necessary parties to this proceeding the infant grandchildren of testator, and accordingly an order was made appointing a special guardian for these infants.

In his report the special guardian contends that the infants for whom he was appointed have no interest under the will. In each of the prior proceedings in this estate, namely, the probate proceeding and the proceeding to settle the accounts of the administrator *c. t. a.* and for the appointment of an administrator *c. t. a., d. b. n.*, it had been assumed that these grandchildren had a vested interest in the remainder of the trust fund. In view of the issue now raised, a construction of the will becomes necessary.

The will provides a life estate in the residue to testator's wife with power to invade the principal if her necessities require, and the dispositive provision after her death reads as follows: " Upon the death of my said wife, Ellen F. O'Neil, I give, devise and bequeath the said residuum of my estate, or so much thereof as may remain unexpended, to my children, to be divided equally among them share and share alike."

The will was executed on July 31, 1919, at which time testator had four children, one son and three daughters. At the time of his death on September 8, 1935, only the three daughters survived, his son having predeceased him, leaving surviving three infant children, who are the subjects of our discussion.

The argument is advanced that the gift of the remainder " to my children " is a gift to a class and that it excludes the child of a deceased child. In making this contention consideration is given to section 29 of the Decedent Estate Law which provides that a devise or bequest to a child or brother or sister of the decedent shall not lapse by reason of the death of the devisee or legatee during the lifetime of the testator, but that it shall pass to the descendants of such devisee or legatee; it does not appear that there would be any dispute that a legacy directly to the son would pass to his descendants under that section. However, in the present contention no consideration is given to the fact that the death of the son occurred intermediate the making of the will and the death of the testator. That, in my opinion, is an important consideration.

The facts disclose that when decedent made his will his son was living, and in providing for the residue of his estate to pass to his children his son was included, and intended by the testator to be one of the devisees and legatees under his will. The will indicates an intention on the part of the testator first to make as adequate provision for his wife during her lifetime as his estate would permit, and second to divide that which remained.

Section 29 of the Decedent Estate Law was enacted to remedy the inequities of the common law and to preserve for lineal descendants of a devisee the benefits which their parent would have derived had death not intervened.

The statute does not distinguish between a parent who may have died prior to the making of a will and those whose death occurred subsequent thereto. Neither does that question appear to have been clearly decided in respect to a gift to a class. The nearest approach to a determination is found in *Pimel* v. *Betjemann* (183 N. Y. 194, 200), decided by a divided court, where Judge Cullen in the prevailing opinion said: " So, also, there is a plain

distinction between the death of a member of a class subsequent to making the will and a death prior to that time. In the first case it is both possible and probable, unless some provision for the contingency is made in the will, that the testator did not anticipate its occurrence."

There is nothing to be gleaned from an examination of the will to indicate that the death of his son was an occurrence anticipated by the testator and no provision was made for such contingency.

This question is also discussed in *Matter of Mott* (137 Misc. 99), where the residue was directed to be divided " among my brothers and sisters;" the learned surrogate in that opinion reached the conclusion that the descendants of brothers and sisters who died in the lifetime of the testator and after the making of the will were entitled to participate under the provisions of section 29.

The court should seek to carry out the intent of the statute and to interpret it so as to benefit those whom it was designed to protect, namely, the lineal descendants of a devisee. A strict and technical construction will defeat the object of the statute and will result in a discrimination against the descendants of one child in favor of other of testator's children. Such a discrimination should not be permitted unless the testator's intention to do so is manifest. It is the policy of the law and the purpose of this statute that the estate of a decedent should pass to his lineal descendants.

It is my conclusion, therefore, that the provisions of section 29 of the Decedent Estate Law should apply to this bequest and that the grandchildren are entitled to participate and share in the residue of this estate.

Submit decree in accordance with this opinion on notice.