In the Matter of the Will of JACOB C. JERGE, Deceased.

Surrogate's Court, Erie County, March 30, 1943.

*John T. Walsh* for petitioner.

*Matthew X. Wagner,* special guardian.

VANDERMEULEN, S. The decedent left a last will and testament, providing among other things as follows: "THIRD: If my son, Raymond J. Jerge survives me, then, in that event, only, I give to my said son, Raymond J. Jerge, all my land and premises on Dewey Avenue in the said City of Buffalo, known and designated by the street house number 78 Dewey Avenue, to be his absolutely, subject, however, to the lien, operation and effect of any and all liens, encumbrances, taxes, assessments and mortgages thereon at my death, all which indebtedness thereon and thereunder existing at my death, he shall assume and save my estate free, clear and harmless from the payment thereof, all which property I so give to him to be his absolutely, as aforesaid."

Raymond J. Jerge predeceased the testator. The question now arises as to whether the above-named parcel of real property vests in the children of Raymond J. Jerge in accordance with section 29 of the Decedent Estate Law, or whether it becomes a part of the residuary estate. In examining the wording of paragraph "Third," one ponders whether the phraseology "If my son, Raymond J. Jerge survives me, then, in that event, only, I give to my said son, Raymond J. Jerge * * * " has any particular significance. An examination of the will discloses that there was no particular reason for the use of this phraseology in connection with any one paragraph or clause for it appears in eight different paragraphs. Paragraphs "Eighth" and "Ninth" indicate that the use of this phraseology in paragraph "Seventh" had no particular significance. It is therefore safe to conclude that the use of the same in paragraph "Third" had no specific import. The use of the phraseology appears to be more the mannerism of the draftsman than an expression of the intent of the testator.

In some cases, undoubtedly, words may be rejected as being meaningless surplusage. (*Matter of Tamargo*, 220 N. Y. 225.)

In construing a will, when the intent of the testator has been clearly ascertained, words may be defined and even eliminated, supplied and transposed, to effectuate the same. (*Matter of Shulsky*, 120 Misc. 232; *Starr* v. *Starr*, 132 N. Y. 154; *Phillips* v. *Davies*, 92 N. Y. 199; *Eidt* v. *Eidt*, 203 N. Y. 325, 328.)

The testator, in paragraphs "Eighth" and "Ninth," evinces a clear intention that the residuary estate should vest in his child or in the children of his deceased child. This being so, there is no reason for assuming that his attitude and intention toward Raymond J. Jerge, his son, and the children of

Raymond J. Jerge, should be any different in the disposition of that parcel of real property known as 78 Dewey Avenue, Buffalo, New York. There is no gift over to any beneficiary in the event of Raymond J. Jerge predeceasing his father, no direction that the devise should lapse.

The fact of making a will, it has been said, raises a strong presumption against an expectation or desire on the part of the testator of having a portion of his estate undisposed of by will. (1 Davids on New York Law of Wills, p. 819; *Hadcox* v. *Cody,* 213 N. Y. 570, 573, modfg. 157 App. Div. 901.)

It was said in *Soper* v. *Brown* (136 N. Y. 244, 251): " Even if the construction given may be doubtful, it is a settled rule that where a will is capable of two constructions, one of which would exclude the issue of a deceased child, and the other permit such issue to participate in a remainder * * * the latter should be adopted."

In *Matter of O'Neil* (174 Misc. 213, 215), the following is found: " The court should seek to carry out the intent of the statute and to interpret it so as to benefit those whom it was designed to protect, namely, the lineal descendants of a devisee. A strict and technical construction will defeat the object of the statute and will result in a discrimination against the descendants of one child in favor of other of testator's children. Such a discrimination should not be permitted unless the testator's intention to do so is manifest."

The court said in *Matter of Northrip* (168 Misc. 542, 544): " I cannot agree with the contention that there is an expressed intention on the part of testator to exclude the children of Henry G. Northrip from any participation in the estate. In the absence of a contrary intent expressed in the will there is no doubt of the right of a descendent of testator to take a legacy given to such legatee by name, where the legatee predeceased the testator.

" It must be presumed that the draftsman of the will was acquainted with the provisions of section 29 (*supra*) which effect a substitutionary gift to a descendant of a testamentary donee, who predeceased the testator, and that such knowledge is imputed to the testator."

There is no contrary intention in the will now being construed.

I therefore decide that the proper construction of paragraph " Third " of this will is that the premises set forth in the instrument, namely 78 Dewey Avenue, Buffalo, New York, vest in the surviving children of Raymond J. Jerge, deceased.