Joseph A. Cox, S.
Objections filed to the accounts of the executors and trustees raised an issue in this proceeding which required a construction of the sixth article of the decedent’s will. Following the publication of a decision construing this portion of the will two beneficiaries who had been cited in this proceeding but had not appeared requested the opportunity to be heard upon the construction question and they were permitted to do so and they have submitted their arguments.
The text of the will here under consideration is quite analogous to the testamentary provision which was construed in Matter of Meyer (49 N. Y. S. 2d 239). The direction in each will is to set apart a fund sufficient to produce a stated annual income and to pay that stated sum to the beneficiary during the latter’s lifetime. In the Mayer case the testator referred to the stated annual sum as an annuity but, despite this reference, the determination of the court was that the testator had intended to create a trust and not an annuity. In the case at bar the testatrix did not employ the word annuity a fact which, on its face, could be regarded as indicative of an intent to create a usual testamentary trust. If there is a distinguishing feature to be found in a comparison of these two wills, it appears in the direction in the Mayer case to receive ‘ ‘ the income ’ ’ and ‘ ‘ pay the same ” in 12 monthly installments of $500, a direction at variance with the mandate of the will at bar which is to set apart a fund “ and invest and keep the same invested and pay therefrom” the stated annual sum. The words last quoted, while neither well chosen nor free from ambiguity, are subject to the construction that not only income but also the principal *941 fund was regarded by the testatrix as the source of the fixed annual payment. Such a resort to principal would be permissible if an annuity was created.
The testatrix died in April, 1949. An account of the executors was settled by a decree made in February, 1951 and an account of the trustees was settled by a decree made in March, 1954. A further accounting of the fund established pursuant to subdivision D of article sixth of the will was settled in June, 1955. In past years the funds set apart pursuant to the respective subparagraphs of the sixth article have proved more than adequate to make the fixed annual payments directed by the testatrix. If the will created trusts, it.would follow that the beneficiary of each trust would have been entitled to the full net income irrespective of the fact that the amount of such income was in excess of the fixed sum specified in the will (Matter of Clark, 251 N. Y. 458) but the practice of the trustees, acquiesced in by all parties, has been to limit each beneficiary to annual payment of the amount stated in the will and to pay the excess income to the residuary legatee. In a decision determining the disposition required to be made of the separate funds on the deaths of the respective beneficiaries, Surrogate Collins repeatedly referred to the annual payments under the will as annuities (Matter of von Miklos, 116 N. Y. S. 2d 69), a reference which was consistent with the then attitude of the parties to that proceeding. Surrogate Collins was not required to decide the issue raised by the present objections and his characterization of the annual payments as annuities is not res judicata. However, this interpretation of the will, acquiesced in by the parties, and pursuant to which the beneficiaries have been restricted to fixed annual amounts is not to be disregarded at this time particularly when the language of the testatrix is capable of the construction which the trustees and the parties have given it in practice (Starr v. Starr, 132 N. Y. 154, 159; Matter of Gulbenkian, 59 N. Y. S. 2d 445, 448; Matter of Shoff, 93 N. Y. S. 2d 626, 631). Accordingly, the prior decision herein (N. Y. L. J., July 3, 1957, p. 4, col. 7) is recalled and the objections to the treatment of annual payments as annuities and to the readjustment of the funds in order to assure payment of such annuities are dismissed (Griffen v. Keese, 187 N. Y. 454; Matter of Weissmann, 95 N. Y. S. 2d 88; Matter of Proctor, 139 N. Y. S. 2d 422). The objections to the sale of securities and to the losses incidental thereto are also dismissed. The fee of the attorneys for the fiduciaries is allowed in the amount requested.
Submit decree on notice.