¡8.; Samuel Di Falco, S.
In this proceeding to settle the account of the surviving trustee construction of the will is requested. In its eighth paragraph the testator directed that his executors “ set aside securities to establish a trust fund in such amount as to safely produce an annual income of Three thousand dollars ($3,000.00) and to pay the same to my friend, ahita m, burke, of the City of New York, during her lifetime.” He went on to provide that the income in excess of $3,000 per annum was “to be accumulated by my said Executors as Trustees during the life of said Anna M. Burke and invested as an addition to said trust fund.” The remainder is left in equal parts to two charitable institutions and to a membership corporation with which the decedent had been associated.
From the date of the inception of the trust until the year 1956 the income received by the trustee was not sufficient to permit compliance with the direction that $3,000 was to be paid to the beneficiary annually. However, during that period the fiduciaries twice accounted in proceedings to which the beneficiary was a party and no objection was made by her to the fact that payments of income were reflected in each of the accounts in annual amounts less than those specified by the testator. Between 1956 and the terminal date of the present account income was earned at a rate in excess of $3,000 per annum but not in an amount sufficient to completely erase the prior deficits. At this time there is an aggregate deficiency of $11,000 representing the difference between the amount actually paid and the amount that would have been required to satisfy the directions for payment at the rate of $3,000 per annum from the date the trust was established to the death of the income beneficiary on November 15, 1960.
The accounting fiduciary presents for determination the question of whether the principal of the trust should be resorted to to make up that deficiency if in fact it could be so described. In addition the court is asked to state whether income earned annually in excess of $3,000 subsequent to 1956 and now on hand is payable to the estate of the deceased beneficiary or to the holders of the next eventual estate. It is perfectly clear from the language which was employed that the testator contemplated the erection of a trust and not the creation of an annuity in directing that the beneficiary was to receive “ income ” at the rate of $3,000 per year. There is no reference to principal as the source of the amount required to make up any difference between income earned and the designated annual payment. It is to be seen, however, that a payment ceiling was specifically established. In such circumstances the courts have uniformly *108 held that a trust rather than an annuity was intended by the testator with the result that income in whatever amount received up to the ceiling .was payable to the life beneficiary but that resort to principal to eliminate a deficit was not permissible. (Matter of Wolburg, 50 N. Y. S. 2d 380; Matter of Mayer, 49 N. Y. S. 2d 239; Matter of Von Miklos, 11 Misc 2d 939.)
Holding this view of the matter the court rules that principal may not be invaded to make up the difference between the total amount of the payments at the rates specified for the term of the trust and the income earned during the period ending in 1956. This result was not reached on the theory that the failure of the life tenant to object on the prior accounting renders the matter res judicata for the question was neither raised nor passed upon in those proceedings. (Matter of Del Pino, 106 N. Y. S. 2d 391, confirmed on rearg. 111 N. Y. S. 2d 504, affd. 282 App. Div. 670, affd. 306 N. Y. 891, and cases there cited.)
While the direction for the accumulation of income earned in excess of $3,000 is clearly unlawful such amounts as were received by the trustee in the years subsequent to 1956 may nevertheless be applied against the net income arrears for the prior years and payment to the estate of the deceased life beneficiary of the amount shown as being now on hand is accordingly directed (Matter of Chauncey, 119 N. Y. 77; Matter of Fuller, 193 Misc. 531; Matter of Ebbets, 46 N. Y. S. 2d 828; Ann., Enchroachment on Corpus, 67 A. L. R. 2d 1393).