In the Matter of the Petition of KINGS COUNTY TRUST COMPANY and Another to Render and Settle Their Account as Executors, etc., of WILLIAM P. STURGIS, Deceased.

Surrogate's Court, Kings County, October 17, 1929.

*S. M. & D. E. Meeker*, for the petitioners.

*E. Ivan Rubenstein*, special guardian for Margaret Sturgis and another, infants.

WINGATE, S.   The question here involved arises upon the return of an order obtained by the special guardian of infant remaindermen of a trust created by decedent's will, directing the executors to show cause why an appraiser should not be appointed to appraise the property described in their account and which they are about to transfer to themselves as trustees under the will, and why they should not proceed to settle their account.

The sole point involved in the motion is as to whether or not, on the facts disclosed in this case, the executors are authorized to turn over property of the estate, in specie, to themselves as trustees, in the absence of the consent of all parties or of an appraisal especially had for this purpose.

The special guardian bases his position solely on the wording of section 268 of the Surrogate's Court Act. The executors cite as authorities for a contrary position only *Matter of Holzworth* (166 App. Div. 150; *Monson* v. *N. Y. S. & T. Co.* (140 N. Y. 498) and *Matter of Stanfield* (135 id. 292). None of these decisions has any bearing on the point involved. *Matter of Holzworth* decides merely that a trustee is a " distributee " within the language of subdivision 2 of section 268 so that a distribution in specie could not be made to it over its objection on the facts presented in that case.

The *Monson* case determined merely that a second trust was deemed to have been set up upon the death of the first life tenant; and the *Stanfield* decision held that a bequest of the income of $20,000 for life must be administered, so far as the time when the income to the beneficiary was to accrue, in conformity with the rule applicable to annuities and not in accordance with that governing general legacies.

The will involved in this proceeding, after a specific bequest for the care of testator's cemetery plot, gives his entire estate to his executors in trust for his daughter for life, with remainder to his grandsons. After appointing executors and trustees with full powers of sale, item " Fifth " provides: "And I do hereby authorize and empower my said executors and my said trustees, and the survivor of them, to hold and use any of the securities that I may have at the time of my decease for the benefit of my estate to carry out and make effectual the trust herein created   *   *   *."

Were the question here presented a matter of first impression, the court would be inclined to agree with the contention of the special guardian. The precise problem has, however, been passed upon by the Appellate Division in *Matter of Kent* (173 App. Div. 563), which modified the determination of the surrogate of New York county (reported in 92 Misc. 113).

The statute involved in that decision was section 2736 of the Code of Civil Procedure, as revised from section 2744 by chapter 443 of the Laws of 1914. This provision was identical in language with that contained in the present section 268 of the Surrogate's Court Act.

The surrogate held (*Matter of Kent, supra,* p. 134): "A transfer of securities cannot be directed because no consent to a distribution in kind has been filed and no appraisal has been had pursuant to section 2736 of the Code of Civil Procedure. If a partial distribution were to be ordered the decree would necessarily have to direct the trustees to pay in cash. This would necessitate the sale of some of the securities. That this difficulty is not a serious one is evident from the fact that, as the accounting proceeding now

stands, the decree therein cannot direct delivery of the securities. Such delivery could only be directed upon filing the consents and upon the appraisal provided for by section 2736 of the Code of Civil Procedure. In my opinion the application for a partial delivery should be granted by directing payment to the extent of $25,000 to the petitioner."

This position is expressly disapproved by the Appellate Division which says (at p. 567): " The criticism that the decree was erroneous because it directed payment to be made in cash, is well founded. The will expressly provided that the trustees might divide the securities in which the trust fund may be invested. The division has been made and certain securities have been segregated and set apart for transfer to Mrs. Moore. Upon the final distribution these securities would be delivered and thus the requirements of the trust would be satisfied. Section 2736 of the Code of Civil Procedure has no application where the will authorizes the delivery of specific property."

The opinion continues (at p. 568): " The decree will be modified by providing that securities to the value of $25,000 as set forth and at the valuation fixed in Schedule XII of the trustee's account be transferred and delivered to Beatrice R. Moore  *  *  *."

The rule here established applies, of course, only to cases in which the will expressly authorizes the executors to turn over property in the estate to themselves as trustees. It might well be that an exception should be made to the rule itself if a case arose where the value of securities allocated to different trusts became an issue on a claim that unfair discrimination between beneficiaries was taking place, although the will gave an express power of payment in specie.

However, it is unquestionable that this court is here bound by this determination, and since the will in the instant case clearly " authorized the delivery of specific property " in establishing these trusts and no question of discrimination between different beneficiaries is presented, the motion must be denied in so far as it seeks an appraisal. The executors will proceed to settle their accounts.

Proceed accordingly.