In the Matter of the Estate of ANDREW H. GREEN, Deceased.

Surrogate's Court, New York County, December 29, 1932.

*Shearman & Sterling*, for the surviving executrix of the last will and testament of E. Louisa Green, deceased.

*Sackett, Chapman, Brown & Cross* [*Stanley D. Brown* of counsel], for the petitioners.

*Platt, Taylor & Walker* [*J. Otis Sibley* of counsel of the Massachusetts bar], for the executrix of the last will and testament of Timothy Ruggles Green, deceased.

*Wingate & Cullen* [*Conrad Saxe Keyes* of counsel], for Julia E. Green, Mary R. G. Owen and Andrew H. Green.

FOLEY, S. This is an application for the construction of the testator's will. The testator died in 1903. By article second of his will he created a trust of $100,000 for the benefit of his nephew, Timothy Ruggles Green, during his lifetime, and directed that upon his death the principal " shall become and form a part of the rest, residue and remainder of my estate hereinafter devised and bequeathed and be disposed of as a part of such rest, residue and remainder." By article fourth he devised and bequeathed his residuary estate to his executors, in trust, to pay the net annual income during the life of his brothers Oliver Bourn Green and Martin Green, in certain designated proportions, to his brothers and to certain named nieces and nephews. By article fourth-A he directed his executors, on the death of the survivor of his brothers Oliver Bourn Green and Martin Green, to pay over and convey all the trust estates then held by his trustees under article fourth of his will, to the persons and in the proportions thereafter enumerated. The persons enumerated were nine nephews and nieces. He further provided for substitutional gifts over of each remainder to the issue of any of his nephews and nieces who shall have died leaving issue at the time fixed for the termination of the trusts, and in default of issue, to surviving brothers and sisters. If no issue, brothers or sisters, then survived, such remainder was to pass to such persons as would have taken the share had the testator died intestate at the termination of the trusts.

Oliver Bourn Green died in 1906. Martin Green died in 1917. Upon the latter's death the trust of the residuary estate terminated. The life beneficiary under article second, Timothy Ruggles Green, died on May 20, 1932. The question presented is, to whom should distribution now be made of the principal of the trust created under article second.

I hold that the testator died intestate as to this fund and that

it passed as intestate property to his next of kin as of the date of his death. The provision of article second of the will directing that upon the death of the life beneficiary, Timothy Ruggles Green, the principal was to form a part of the residuary estate and be disposed of as such, was illegal and ·void. Under this provision the trust was to continue for the lives of three persons, Timothy Ruggles Green, Oliver Bourn Green and Martin Green. It illegally suspended the absolute ownership of the fund beyond the statutory period. The termination of the trust, under article fourth of the will, prior to the death of Timothy Ruggles Green, did not affect the invalidity of the provision. The rule is well settled that in determining the validity of limitation of estates, it is not sufficient that the estates attempted to be created may, by the happening of subsequent events, be terminated within the prescribed period, if such events might so happen that such estates might extend beyond such period. (*Schettler* v. *Smith*, 41 N. Y. 328.) The principal trust for the benefit of Timothy Ruggles Green, however, was valid. The ulterior limitations, though invalid, will not be allowed to invalidate this primary disposition. (*Matter of Trevor*, 239 N. Y. 6; *Matter of Horner*, 237 id. 489; *Matter of Colegrove*, 221 id. 455.) Nor is acceleration of the remainders possible in this case. They are clearly contingent. Survivorship at the date fixed for the termination of the trusts under article 4-A was a condition to the vesting of the remainders in the persons named in the will. Contingent remainders may not be accelerated. (*Matter of Durand*, 250 N. Y. 45; *Matter of Silsby*, 229 id. 397; *Matter of Terwilligar*, 135 Misc. 170; affd., 230 App. Div. 763.) Distribution of the remainders, therefore, should be made among the persons entitled to the testator's personal property under the statute of distribution in force at the date of his death.

Submit decree on notice construing the will accordingly.