In the Matter of the Estate of ABRAHAM BUCHNER, Deceased.

Surrogate's Court, Bronx County, November 5, 1934.

*Mary G. Siegel,* for the executors.

*Blum & Jolles,* for the Consul General of the Republic of Poland.

*Abraham Berman,* special guardian.

HENDERSON, S. This proceeding for a construction will be consolidated with the accounting proceeding and the order therefor may be incorporated in the decree settling the account of the executors.

The executors are in doubt as to the validity of the disposition which the testator made of part of his estate in the fifth paragraph of his will, but the nobility of the sentiment and the rule of family conduct therein expressed by this testator cannot be questioned. It might tend to promote a better understanding of man's duty to man if a copy of the last three sentences could be engraved on the heart and embedded in the mind of every individual.

The paragraph in question reads as follows:

" *Fifth.* I give, devise, and bequeath to my beloved sons-in-law, Harry Nemeser and Max Kaufman, the sum of One Thousand Dollars ($1,000.00) in trust however, to deposit same in a savings bank and to use the interest thereof, for a period of twenty-one (21) years, for the purpose of holding an annual family reunion and celebration, with power, at the end of that period, for said trustees to distribute this amount between my two daughters or

their descendants, in equal shares of Five Hundred Dollars ($500.00) each. I make this bequest, because, having lived long, I have gained great experience in life, and I know the value of love and devotion among the members of a family. I want you all to have a good time, to be happy and satisfied, to have no hard feeling against one another, and I want this feeling of love and mutual devotion to pass on to your children, because Life is short and it is not worth while to be mean and malicious to your fellow man, especially to members of your own family. That is why I want you to choose one day every year, a day that will suit everybody, for all of you to come together and enjoy yourselves and in this manner to keep alive the spirit of love, joy and felicity amongst you and your children."

The attempted trust is obviously invalid because it provides for the possible suspension of absolute ownership of the fund beyond the statutory limitation. Its duration is measured by years and not by any life. (Pers. Prop. Law, § 11.) The gift of the remainder is valid, but as the remainder is not absolutely vested, it cannot be accelerated. Each daughter would be entitled to half of the remainder only in the event that she survived the designated term of the trust. I believe that the testator would now desire his daughters to share this fund. He did not realize, however, that the statutes would frustrate the aim of his trust provisions and his addition of the words " or their descendants " negatives an intention, at the time he executed his will, that his daughters should under every conceivable circumstance receive the remainder. (*Matter of Terwilligar*, 135 Misc. 170, 184.)

The amount set apart for this void trust passes, therefore, under the residuary clause, which is quoted for the good effect it may have upon any who may chance to read it:

" *Eighth.* All the rest, residue and remainder of my estate, consisting of gold, real estate, jewelry, stocks, life insurance and other property, real, personal, and mixed, of any nature whatsoever, together with any lapsed devises, I give, devise and bequeath to my beloved wife, Bella, unconditionally. I make this bequest well knowing that I am leaving my possessions in good and capable hands, being fully convinced that my beloved wife will do with her inheritance exactly as I would wish her to do. I want my daughters to understand that I fully appreciate the fact that it is their conviction as well as mine, that as long as the wife is alive, everything that the husband possesses belongs to her. This sentiment my beloved daughters have often expressed to me, to my great gratification and joy. Another reason why I am leaving everything to my beloved wife is because my daughters are happily

married and have husbands who provide for them, whereas my wife, after my death, will be alone, and I do not wish her at any time during the duration of her life, to have to resort to her children for support or assistance. My beloved wife worked hard all her life, she has been a good helpmate to me in my joys and sorrows, and I am certain that upon her own death, she will distribute the property which she will inherit from me in equal shares to my beloved daughters.

" To my beloved children, and their husbands, I leave a message of love and blessing, hoping that the spirit of friendliness will prevail among them even after I am gone. I beg that my children do not cry nor mourn after me because death is the end of every person, and I am dying very peacefully, knowing that I am leaving my daughters in the care of devoted and loving husbands, and my wife to the love and devotion of two daughters and two good sons-in-law and grandchildren, and that I am leaving to my children a devoted Mother. I have lived my life peacefully, never harmed anyone, never swindled anybody, and this gives me a feeling of happiness and joy and peace, and I tell you, my Children, if you will live your lives the same way, you, too, will have a peaceful old age. If any of my wishes as expressed in this Will do not live up to your expectations, my beloved wife and children, I beg of you to forgive me and not to aggravate yourselves. I am disposing of my property in a way which I consider most just and beneficial to those surviving me, loving both of my children equally, but wishing to provide for their Mother as long as God will spare her on earth, and being fully convinced that she in her turn will pass on her property in equal shares to my two daughters whom both she and I love equally."

The summary statement of the account should be corrected so as to show the total of credits, including payments of $20,035.03 already made under the will, to be $31,328.23, and the balance now distributable to be $10,614.38.

Settle decree construing the will and settling the account of the executors in accordance herewith and with my memorandum of May 7, 1934.