In the Matter of the Judicial Settlement of the Final Account of Proceedings of THE FIFTH AVENUE BANK OF NEW YORK and ELLA V. EVELAND, as Trustees under the Last Will and Testament of FRANK EVELAND, Deceased, as Rendered by the Said THE FIFTH AVENUE BANK OF NEW YORK and by ANDREW BRIDGEMAN and WINSOR G. EVELAND, as Executors, etc., of the Said ELLA V. EVELAND, Petitioners; and in the Matter of the Application of the Said Petitioners for a Construction of Certain Provisions of the Said Last Will and Testament of the Said FRANK EVELAND.

BERN BUDD, Special Guardian for Infant Remaindermen MARYLYN L. EVELAND and JULE C. EVELAND, and GEORGETTE L. EVELAND FIFIELD, as Administratrix, etc., of F. WINSOR EVELAND, Deceased, Appellants; THE FIFTH AVENUE BANK OF NEW YORK, as Trustee under the Will of FRANK EVELAND, Deceased, ANDREW BRIDGEMAN and WINSOR G. EVELAND, as Executors, etc., of ELLA V. EVELAND Deceased Trustee, and WINSOR G. EVELAND, Petitioners, Respondents.

Second Department, January 15, 1940.

*Bern Budd,* for the appellants.

*Edward F. Manion,* for the respondent The Fifth Avenue Bank of New York, as trustee, etc.

*Harvey M. Bagg,* for the respondents Andrew Bridgeman and Winsor G. Eveland, as executors, etc., and Winsor G. Eveland, individually.

TAYLOR, J. Proceeding for the judicial settlement of the account of proceedings of trustees of the trust created in testator's will; and, incidentally, for construction of the will. The appeal is by the special guardian of two infant grandchildren of testator and by the administratrix of testator's deceased son from so much of the decree (1) as overrules and dismisses the objections of appellants to the account; (2) adjudges that the surviving trustee pay and transfer (a) to Winsor G. Eveland and (b) to Andrew Bridgeman and Winsor G. Eveland, as executors of the estate of Ella V. Eveland, respectively, securities and cash; (3) adjudges that the trustee shall hold the shares of the infant remaindermen in trust for them until they shall arrive respectively at the age of twenty-one years; (4) fails to adjudge that the trust created by the will terminated on the death of Ella V. Eveland, that the will makes no valid disposition of the remainder, and that as to such remainder the decedent died intestate; (5) fails to adjudge that the surviving trustee pay and transfer to Georgette L. Eveland Fifield, as administratrix of the goods, chattels and credits which were of F. Windsor Eveland, deceased, the entire principal of

the trust fund and all accumulations of income remaining in its hands after the payment of the expenses, commissions, costs and allowances specified in the decree and account.

The decree construes the will and settles the account of the trustees. In effect, it directs (a) the immediate acceleration of one of three remainder interests; (b) the acceleration of the other two remainder interests to take effect only when those remaindermen, infant-appellants, shall reach majority respectively; (c) provides that a power to retain investments of testator accorded by paragraph "Sixth" of the will remains unaffected by a codicil changing that paragraph; and (d) directs the payment of accrued income on the trust corpus to the executors of the deceased life tenant, testator's widow.

Testator died May 6, 1926, survived by his widow, Ella V. Eveland, his son, F. Windsor (Winsor) Eveland, and three grandchildren, children of that son, namely, respondent W. G. (Winsor G.) Eveland, born May 15, 1907, and infant-appellants Marylyn L. Eveland, born December 25, 1923, and Jule C. Eveland, born May 27, 1920. The will bears date October 9, 1921. The codicil bears date June 29, 1923. The same were duly admitted to probate May 25, 1926. Letters testamentary were duly issued thereupon to The Fifth Avenue Bank of New York and Ella V. Eveland, the widow, to whom, after their accounting as such executors, and on May 20, 1927, letters of trusteeship were duly issued.

Testator's son, F. Windsor Eveland, died intestate April 3, 1928. Letters of administration upon his estate were duly issued to his widow, appellant Georgette L. Eveland (now Fifield), on April 20, 1928. Testator's widow, Ella V. Eveland, died March 2, 1938, testate. Her will was duly probated April 30, 1938. Letters testamentary were thereupon duly issued to Andrew Bridgeman and Winsor G. Eveland as executors thereof.

After a bequest of $5,000 for a cemetery lot and one of non-income producing personalty to the widow, testator's will created a trust as follows:

"*Fourth.* All the residue and remainder of my estate wherever and whatsoever it may be, at the time of my decease (including any lapsed legacies) and all rights, claims and properties, real, personal or mixed, and wherever now held or hereafter obtained by me, I give, devise and bequeath unto my trustees, hereinafter named, their successors and assigns, to have and to hold the same forever. But in trust and upon the uses and trusts for the purposes following, namely, to be held, managed and invested and from time to time, as need be, re-invested by my said trustees or their successor or successors in said trust, and after payment of all

expenses incidental to the management of this trust to divide the net annual income as follows:

" (1) To pay annually to my wife, Ella V. Eveland, during her life time the sum of Six Thousand ($6,000.00) Dollars in quarterly installments or at such other times as may be mutually agreed upon between my said trustees and my said wife, provided that if the net income of this trust during any year be insufficient to pay the said sum of Six Thousand ($6000.00) Dollars then there shall be paid to my said wife during such year or years all of the net income of this trust, and further provided that if my son, F. Windsor Eveland shall predecease me or shall die during the life time of my wife, then and after such event, there shall be paid to my said wife all the net income of this trust.

" (2) All of the balance of the net annual income of this trust remaining after the payment of said sum of Six Thousand ($6000.00) Dollars to my said wife shall be paid to my said son, F. Windsor Eveland, during his life time in quarterly installments or at such other time or times as shall be mutually agreed upon between my said trustees and my said son. Provided that if my said wife shall predecease me, or shall die during the life time of my said son, then and after such event, Fifteen Hundred ($1500.00) Dollars out of the net annual income of this trust shall be paid to my grandson W. G. Eveland, or to his guardian for his benefit, should he be a minor; the balance of said income of this trust shall be paid as aforesaid, to my son.

" (3) Upon the death of my said wife, Ella V. Eveland, or of my said son F. Windsor Eveland, whichever shall happen last, the principal of this trust fund and all earnings or accumulations thereon then remaining unclaimed in the hands of my said trustees or of their successor or successors in this trust, after deducting the expenses incident to the trust, is to be paid over and distributed among the children of my said son F. Windsor Eveland, then living if any, as follows: seventy-five percent (75%) thereof to my grandson W. G. Eveland; the balance to be equally divided among my other grandchildren, the issue of any deceased child to take the share of their deceased parent, by right of representation. But in case there is not then living any child of my said son, F. Windsor Eveland, or any issue of any deceased child, then and in such case, the whole of said principal trust fund and the net earnings and accumulations remaining shall be paid over and belong to these persons who would have been entitled to my personal estate, if I had died intestate at the time of the final distribution of my estate, in accordance with the Statute of Distribution of the State of New York existing at that time."

The codicil changed subdivision (3) of paragraph "Fourth" (*supra*), making it read: "Upon the death of my said wife, Ella V. Eveland, whichever shall happen last, the principal of this trust fund and all earnings or accumulations thereon then remaining unclaimed in the hands of my said Trustees or of their successor or successors in this trust, after deducting the expenses incident to the trust, is to be paid over and distributed among the children of my said son F. Windsor Eveland, then living if any, as follows: seventy-five per cent (75%) thereof to my grandson W. G. Eveland, when he reaches the age of thirty-five years, the balance to be equally divided among my other grandchildren, when each reaches the age of thirty-five years, the issue of any deceased child to take the share of their deceased parent, by right of representation. But in case there is not then living any child of my said son, F. Windsor Eveland, or any issue of any deceased child, then and in such case, the whole of said principal trust fund and the net earnings and accumulations remaining shall be paid over and belong to these persons who would have been entitled to my personal estate, if I had died intestate at the time of the final distribution of my estate, in accordance with the Statute of Distribution of the State of New York existing at that time."

To determine the testamentary intent the will and codicil are to be taken and read together as parts of one instrument. (*Hard* v. *Ashley*, 117 N. Y. 606, 613; *Goodwin* v. *Coddington*, 154 id. 283, 286.) The court, in order to ascertain and declare testamentary meaning, may reject words and limitations in a will or supply or transpose them. (*Benjamin* v. *Welch*, 73 Hun, 371, 375; *Phillips* v. *Davies*, 92 N. Y. 199, 204; *Starr* v. *Starr*, 132 id. 154, 158; *Matter of Gallien*, 247 id. 195, 200.)

The words in the codicil, "Upon the death of my said wife, Ella V. Eveland, whichever shall happen last," are not intelligible. Obviously they were copied from the first part of subdivision (3) of paragraph "Fourth" of the will (*supra*), which reads, "Upon the death of my said wife, Ella V. Eveland, or of my said son, F. Windsor Eveland, whichever shall happen last;" and through inadvertence, probably a scrivener's error, the words "or of my said son, F. Windsor Eveland," were omitted from the codicil.

The learned surrogate, as evidenced by the decree, made rulings which are indicated in our discussion and disposition of those rulings, *infra*.

A. The surrogate was correct in supplying in the first paragraph of the codicil, which changed paragraph "Fourth," subdivision (3) of the will, the omitted words: "or of my said son, F. Windsor

Eveland " (*supra*). Without them the codicil is meaningless. Their omission was inadvertent.

B. The surrogate was likewise correct in his ruling, in effect, that the trustees were right in retaining the testator's investments, and should not be charged with resultant loss. In paragraph " Fifth " of the will the testator limited the authority of the trustees in relation to investments " except as modified by paragraph six " (*sic*). In paragraph " Sixth " he expressly modified that restriction so as to allow the retention by them of " any assets which I may have at the time of my death." That permission was not withdrawn expressly or impliedly by the codicil. Indeed, that permission was confirmed by the codicil.

C. The surrogate was also correct in ruling that on the death of the last (second) life tenant, Ella V. Eveland, accrued unclaimed income on the trust corpus should be paid to her estate. The appellants' contention to the contrary disregards the plain intendment of the will as changed by paragraph " First " of the codicil, providing that upon the happening of the prescribed event, the trust principal and " all earnings or accumulations thereon then remaining unclaimed in the hands of my said Trustees * * * is to be paid over and distributed among the children of my said son F. Windsor Eveland." Those earnings were not in the prescribed category —" unclaimed." The course of conduct of the life tenant and of her executors later shows that those earnings were *claimed*.

D. The surrogate erred, however, in accelerating the remainder interest of testator's grandchildren and in decreeing payment by the trustee to Winsor G. Eveland, the adult grandchild (not yet thirty-five years of age), of seventy-five per cent of the net principal of the remainder, with the accrued income thereon, and in directing the retention of twelve and one-half per cent thereof, and the accrued income thereon, for the benefit of each of the infant grandchildren, appellants, with a further direction to the trustee to accumulate the income of each share during the minority of the given infant, and to pay the principal and accumulated income to her at majority. The acceleration so directed was contrary to established law. The remainder, freed of the life estates, was vested as intestate property in the decedent's three grandchildren, including the infant appellants, in equal shares. Concededly, the testamentary disposition of the remainder made in subdivision (3) of clause " Fourth " of the will, as changed by the codicil, is void. It offends the statutes against perpetuities (Real Prop. Law, § 42; Pers. Prop. Law, § 11) by reason of the suspension of the power of alienation for more than two lives in being and a

minority. The testator's dominant purpose clearly appears, namely, that no grandchild should receive his or her share of the remainder until he or she shall arrive at the age of thirty-five years. If a grandchild die before that time, the issue of that deceased grandchild takes the share of its parent by right of representation. No grandchild has as yet arrived at that age. Each, or even all, of them may die before arriving at that age. The surrogate's ruling assumes to direct the payment to the adult grandchild at once of seventy-five per cent of the net remainder and accrued income, and the retention by the trustee of the twelve and one-half per cent belonging to each of the other grandchildren (total, twenty-five per cent), accumulation of the income during her minority, and payment of principal and accrued income to that grandchild when she attains her majority. It is impossible to conceive a disposition more at variance with the dominant purpose of the testator as expressed in that (void) part of his will in which he assumes to dispose of that remainder, which, as matter of law, passed as intestate property. (*Matter of Durand*, 250 N. Y. 45, 54.) The learned surrogate in effect has made a new will for the testator. (Id.) There can be no lawful acceleration of a remainder interest in such a situation, where, as here, the attempted testamentary disposition thereof is void and the beneficiaries of the decreed acceleration are not vested in every possible contingency with the remainder interest. (*Matter of Durand, supra*, citing *Kalish* v. *Kalish*, 166 N. Y. 368, 375; *Matter of Silsby*, 229 id. 396; *Matter of Moores*, 155 Misc. 471; affd., 248 App. Div. 738; *Matter of Green*, 146 Misc. 530; affd., 239 App. Div. 820; affd., 263 N. Y. 575; *Matter of Buchner*, 153 Misc. 407; *Matter of Kramer*, Id. 606; *Matter of Barnes*, 155 id. 320, 327; *Matter of Wuppermann*, 164 id. 900; *Matter of Cipolla*, 165 id. 498; *Matter of Kerwin*, 161 id. 364, and *Matter of Wilson*, 167 id. 758.) Here the remainders are clearly contingent both as to the persons who would take and the time of the taking. This makes the decreed acceleration contrary to law. Therefore, intestacy of the deceased as to that remainder results and consequently each grandchild is entitled to receive immediately one-third of the remainder.

The views expressed herein lead to the modification of the decree.

The decree should be modified by striking therefrom the 8th, 9th, 10th, 14th, 15th, 16th and 17th ordering paragraphs, and in place thereof inserting the following provisions: (1) That upon the death of Ella V. Eveland, the last (second) life beneficiary of the trust, the remainder of the trust property passed as intestate property of the testator to his distributees under the intestate law of the State of New York, namely, to his grandchildren, Winsor

G. Eveland, Marylyn L. Eveland and Jule C. Eveland, share and share alike, and that one-third thereof is vested in each of them and should be paid to him, or her, forthwith; and (2) that payment, transfer and delivery of cash and securities constituting such remainder, both as to principal thereof and accrued interest thereon, be made by the trustee to Winsor G. Eveland, Marylyn L. Eveland and Jule C. Eveland, each one-third thereof, the shares of the infants Marylyn L. Eveland and Jule C. Eveland to be paid to the general guardian of their estates. As thus modified, the decree, in so far as appealed from, should be affirmed, with costs to each of the parties filing a brief, payable out of the estate of Frank Eveland.

Present — LAZANSKY, P. J., HAGARTY, CARSWELL, ADEL and TAYLOR, JJ.

Decree of the Surrogate's Court of Westchester county modified by striking therefrom the 8th, 9th, 10th, 14th, 15th, 16th and 17th ordering paragraphs and in place thereof inserting the following provisions: (1) That upon the death of Ella V. Eveland, the last (second) life beneficiary of the trust, the remainder of the trust property passed as intestate property of the testator to his distributees under the intestate law of the State of New York, namely, to his grandchildren, Winsor G. Eveland, Marylyn L. Eveland and Jule C. Eveland, share and share alike, and that one-third thereof is vested in each of them and should be paid to him, or her, forthwith; and (2) that payment, transfer and delivery of cash and securities constituting such remainder, both as to principal thereof and accrued interest thereon, be made by the trustee to Winsor G. Eveland, Marylyn L. Eveland and Jule C. Eveland, each one-third thereof, the shares of the infants Marylyn L. Eveland and Jule C. Eveland to be paid to the general guardian of their estates. As thus modified, the decree, in so far as appealed from, is unanimously affirmed, with costs to each of the parties filing a brief, payable out of the estate of Frank Eveland.