In the Matter of the Accounting of LOUIS BEEH, as Sole Surviving Executor and Trustee under the Will of LUISE M. WEINGARTNER, Deceased.

Surrogate's Court, Westchester County, April 24, 1945.

*McNamara & Seymour* for executor and trustee, petitioner.

No appearance for respondent.

*John F. X. McGohey, United States Attorney for Southern District of New York,* for Alien Property Custodian.

*Frank S. McCullough,* special guardian.

GRIFFITHS, S. In this executor's and trustee's accounting proceeding the interposition of objections to the petitioner's proposed disposition of a portion of the remainder interest under the trust makes it necessary to construe the will.

The decedent died November 2, 1937. Her will, dated November 28, 1929, was duly probated in this court on March 25, 1938. Letters testamentary were duly issued to Alexander F. Voight, Henry Kohler (also known as Heinrich Koehler) and petitioner on March 25, 1938, and letters of trusteeship were issued on April 26, 1938, to the same parties.

Under paragraph " Twelfth " of the will, the testatrix left certain shares of stock of Arabol Manufacturing Company, a family corporation, in trust for the benefit of several named relatives. The duration of the trust was measured by the lives of the said Heinrich Koehler, a nephew, and a brother-in-law Georg Weingartner, the latter of whom predeceased the testatrix. The trust terminated upon the death of Heinrich Koehler on May 17, 1943.

The question presented for determination concerns the disposition of one sixth of the remainder of said trust. The testatrix purported to dispose of the entire remainder interest in paragraph " Thirteenth " of the will, the pertinent provisions thereof reading as follows: " The aforesaid trusts shall continue and remain in full force and effect for and during the lives of GEORG WEINGARTNER and HEINRICH KOEHLER and/or the survivor of them, and upon the death of the survivor, said trust shall cease and come to an end, and I thereupon direct that all of the property and estate included in said trust, whatsoever the same may be and wheresoever situated, shall be divided and distributed in manner following:  *  *  * I give, devise and bequeath unto the issue of my nephew, HEINRICH KOEHLER, a one-sixth (1/6th) share or part thereof absolutely, per stirpes and not per capita;  *  *  *.

" In the event that any of the beneficiaries and persons named in this subdivision of my Will, shall die before the termination of said trust, leaving no issue or descendents [sic], him or her surviving, then the share of such person shall go to and be divided and distributed amongst the other survivors of said trust fund and their issue, per stirpes and not per capita."

It appears that Heinrich Koehler never had any issue, but was survived by a wife, Carmen Koehler. It is contended that the above-quoted provision for substitutionary gifts to the surviving remaindermen is ineffective under the circumstances as to the said one-sixth share of the remainder payable to the issue of Heinrich Koehler. If such contention were sustained, such share would fall into the residuary and be distributable in accordance with the provisions of paragraph " Sixteenth " of the will, the pertinent provisions of which read as follows: " I give, devise and bequeath all the rest, residue and remainder of my estate and property, not hereinbefore devised, bequeathed or otherwise disposed of in the following manner: * * * to HEINRICH KOEHLER, if living, or to his issue if he shall not survive me, a one-sixth (1/6th) share or part thereof absolutely, and in case of the failure of issue, then to his wife CARMEN KOEHLER, absolutely; * * *.

" In the event that any of the said residuary legatees and devisees named in this subdivision of my Will shall leave no issue or descendants, him or her surviving, then and in that event, the portion of such deceased beneficiary of my residuary estate shall be divided and distributed amongst the survivors and their issue, per stirpes and not per capita."

The intent of the testatrix must be ascertained from the language of the will, read as a whole. (*Matter of Rossiter*, 134 Misc. 837, affd. 229 App. Div. 730, affd. 254 N. Y. 583; *Matter of Crouse*, 244 N. Y. 400; *Matter of Schliemann*, 259 N. Y. 497; *Matter of Winburn*, 265 N. Y. 366; *Matter of Kenny*, 224 App. Div. 152, affd. 250 N. Y. 594.) The other provisions of the will indicate clearly in my opinion that the testatrix did not desire the respondent Carmen Koehler, wife of Heinrich Koehler, to participate in the proceeds of the corpus of the trust in question. It is significant that the sole assets of the trust consist of shares of common stock in a closely held family corporation, which obviously the testatrix desired to treat differently from other assets. In paragraph " Twelfth " Carmen Koehler is named as a substitutionary income beneficiary in the event that Heinrich Koehler predeceased the testatrix or surviving her died before the termination of the trust leaving no issue

him surviving. In paragraph " Sixteenth " the said Carmen Koehler receives a substantial interest in the estate and is named as a substitutionary residuary legatee likewise contingent upon the said Heinrich Koehler predeceasing the testatrix leaving no issue. The inclusion of said party as a substitutionary income beneficiary in an earlier provision and as residuary legatee in a later provision of the will indicates that the failure of the testatrix to name her as a remainderman in the intermediate paragraph was intentional and not inadvertent. This finds some support in that the will was evidently prepared by an experienced draftsman. (*Matter of Geis,* 167 Misc. 357.) To allow this interest to fall into the residuary would result, therefore, in the same ultimate disposition of the stock as is made of general assets contrary to the evident wishes of the testatrix.

Moreover, the language employed in providing for substitutionary gifts of the remainder interest is sufficiently broad in my opinion to dispose of the entire corpus and was clearly intended to cover every possible contingency. To effectuate such evident intent of the testatrix the court may reject, supply or transpose words. (*Phillips et al.* v. *Davies et al.,* 92 N. Y. 199, 204; *Roe et al.* v. *Vingut,* 117 N. Y. 204; *Starr* v. *Starr et al.,* 132 N. Y. 154, 158; *Matter of Gallien,* 247 N. Y. 195; *Matter of Eveland,* 258 App. Div. 432, mod. 284 N. Y. 64.)

Although Heinrich Koehler is not named as a *beneficiary* in paragraph " Thirteenth " of the will, it is clear that the testatrix intended to include him within the term " beneficiaries and persons named therein." Having provided for a gift of this remainder interest to " the issue of my nephew, HEINRICH KOEHLER " it is fair to infer that the testatrix must have appreciated the possibility that he might die without issue and intended to provide against such contingency. Since Heinrich Koehler is "named " in this subdivision of the will the evident wishes of the testatrix may be effectuated by supplying the word " or " following " and " and the words " at or " following " die " so that the substitutionary gift clause would read in part as follows: " In the event that any of the beneficiaries and/or persons named in this subdivision of my Will, shall die at or before the termination of said trust, leaving no issue or descendents [*sic*], him or her surviving * * *." The courts will give effect to the intention of the testatrix insofar as such intent is manifest from the will either expressly or by implication. (*Matter of Selner,* 261 App. Div. 618, affd. 287 N. Y. 664.)

I conclude therefore that the one-sixth remainder payable to the issue of Heinrich Koehler passes under paragraph " Thirteenth " of the will as follows: two fifths thereof to the issue of Georg Weingartner; two fifths thereof to Louise Weingartner; and one fifth thereof to Paula Deinhard.

Objection numbered (2) of the Alien Property Custodian is therefore sustained and the said remainder interest will be distributed in accordance with this opinion.

By objection numbered (1) the Alien Property Custodian contends that the assets delivered to his office under Vesting Order No. 168 cannot be subjected to payment of administration expenses. The assets so vested consisted of certificates representing 1,039 shares of common stock of the afore-mentioned Arabol Manufacturing Company, a domestic corporation, which were duly transferred and delivered to the Alien Property Custodian under protest. It further appears that a written claim (on Form A. P. C.–1) was filed according to law on November 29, 1943, with the Federal authorities for the return of such part of said assets necessary to make up any deficiency in the payment of administration expenses properly allocable to the interests of the German nationals whose interests are affected by the vesting order. To date there has been no adjudication of such claim by the Federal authorities. Since it is now apparent that there may be insufficient cash assets presently distributable to pay in full the various administration expenses heretofore incurred and which may be allowed in the decree to be made hereon, petitioner seeks advice and instructions as to the source of payment of such probable deficiency.

The power to dispose of property by will is necessarily subject to the limitation imposed by statute that administration expenses must be satisfied. (Surrogate's Ct. Act, § 222; *Meyer* v. *Cahen et al.*, 111 N. Y. 270, 274; *Matter of Smallman*, 138 Misc. 889, 892.) The rights of the Alien Property Custodian are the same as those of the beneficiaries to whose interests he succeeds and are necessarily limited accordingly. That vesting orders of the Alien Property Custodian are limited to the net shares of enemy aliens and are subject to local laws affecting such vested orders is indicated in *Miller* v. *Schutte* (287 F. 604, 608, appeal dismissed *sub nom. Schutte* v. *Miller*, 263 U. S. 730). (See, also, Executive Order No. 9095, as amd. by Executive Order No. 9193, § 2, subd. [f]; Code of Fed. Reg., Cum. Supp., tit. 3, E. O. 9193, p. 1174.)

I therefore hold that all of such assets vested by the Alien Property Custodian are subject to the payment of administra-

tion expenses proportionate to the respective shares of the parties, whether heretofore paid or presently payable. The decree to be made hereon will provide accordingly, but the source of payment will necessarily be limited to the assets which have not heretofore been delivered to the Alien Property Custodian.

In accordance with the principle enunciated in *Matter of Kent* (173 App. Div. 563) and *Matter of Sturgis* (135 Misc. 1) I hold that pursuant to the provisions of paragraph " Twentieth " of the will distribution may be made in kind without the necessity of procuring express consents thereto.

Objections numbered (3) and (4) were disposed of on the hearing, (3) being overruled and (4) sustained.

The compensation of counsel for petitioner is fixed and allowed in the amount requested.

Settle decree accordingly.