S. Samuel Di Falco, S.
In this trustees’ accounting a construction of article ‘ ‘ Fifth ’ ’ of the codicil is required. This article reads:
‘ ‘ Fifth : I hereby revoke Article seventh of my said Last Will and Testament, and in lieu thereof I direct as follows:
“ I give the sum of Fifty Thousand Dollars ($50,000) to my Trustees in trust to pay the income therefrom to my brother elmer russell gregor in quarterly payments so long as he shall live and from and after his death (or from and after my death in the event that my said brother shall not survive me) to pay the income therefrom to my sister-in-law ida frame gregor, the wife of my said brother, so long as she shall live. Upon the termination of said trust (or in the event that neither my said brother nor my said sister-in-law shall survive me), the principal of said fund shall be distributed, or held and distributed, for the benefit of my children and their issue in accordance with the provisions of the first three paragraphs of Article ninth of my said Last Will and Testament, the same in all respects as though the principal of said fund constituted the residue of my estate and as though all references in said first three paragraphs of Article ninth to the time of my death or to persons surviving or predeceasing me had referred instead to the time of the termination of said trust. ’ ’
The first three paragraphs of article “Ninth” of the will read:
‘ ‘ Ninth : All the rest, residue and remainder of my estate, of whatsoever nature and wheresoever situated, including all property over which I may have any power of disposition whatsoever at the time of my death, shall be divided into and set apart in as many equal shares as there shall be children of mine who shall be living at the time of my death and children of mine who shall have predeceased me leaving issue living at the time of my death.
‘ ‘ I give, devise and bequeath one of such shares, or the whole as the case may be, to my son charles russell macgregor if he is living at the time of my death, or per stirpes to such of his issue as shall be living at the time of my death if he shall have predeceased me leaving issue living at the time of my death.
*632 ‘ ‘ If my son geoege pubnell maogbbgob shall be living at the time of my death, I give, devise and bequeath the other of such shares, or the whole as the case may be, to my Trustees in trust to pay the income therefrom in quarterly installments to my said son so long as he shall live. Upon the death of my said son, or upon my death in case he shall have predeceased me leaving issue living at the time of my death, the principal of said share, or the whole as the case may be, shall be distributed per stirpes among such of his issue as shall be living at the time of his death, or at the time of my death as the case may be. If he shall survive me and die leaving no issue surviving him, then upon his death the principal of said share shall be paid over to my son chables bussell macgbegob if he is then living or if he is not then living it shall be distributed per stirpes among such of the issue of said Charles Bussell MacGregor as shall then be living, or if neither Charles Russell MacGregor nor any issue of him shall then be living, it shall be paid over to my brother elmeb bussell gbegob and my sister emminetta maogbbgob in equal shares if they are both then living or to whichever of them shall then be living in case only one of them shall then be living.”
Elmer Russell Gregor and his wife, Ida Frame Gregor, survived the testator who died on August 7, 1937. The income was paid to Elmer Russell Gregor during his life and after his death to his wife who survived him. Ida Frame Gregor died on August 31,1957 and the question as to the disposition of the remainder is presented. Article Fifth of the codicil directs that this remainder be distributed or held and distributed in accordance with the provisions of article Ninth of the will in all respects as though the remainder constituted the residue of the estate. The relevant paragraphs of article Ninth direct that the residue be divided and set apart into equal shares and gives one of such shares outright to testator’s son Charles Russell MacGregor who is still living. The other share is given in trust for his other still surviving son George Purnell MacGregor with income payable to him for life and the remainder to his issue surviving him or in default of issue to Charles Russell MacGregor if living, if not to the then living issue of Charles Russell MacGregor and in default of such issue to testator’s brother and sister or their survivor.
As to one half of the remainder now under examination there can be no question but that there is a valid outright gift to testator’s son Charles Russell MacGregor.
With respect to the other one half however we have a different situation. This portion has already been held in trust *633 for the lives of Elmer Russell Gregor and his wife. The limitation to two lives in being applies to this trust as the amendment to section 11 of the Personal Property Law removing the two-life limitation only applies to wills and estates of persons dying after September 1, 1958. Any further suspension during the life of George Purnell MacGregor would be invalid. As a result the trust has terminated and the remainder must be distributed.
Three possible solutions are proposed by the interested parties, each, naturally, influenced by the result on the fortune of the proposer.
The special guardian for infant issue of George Purnell MacGregor, who would have a contingent interest in the remainder if the further trust period were valid, urges that the invalid trust be excised and the remainder accelerated in favor of the issue of George Purnell MacGregor. The special guardian concedes that his ward’s interest is contingent since survivorship at the daite fixed for the termination of the trust is a condition to the vesting and the members of the class to take cannot be fixed until that time. Remainders which are contingent in nature cannot be accelerated. (Matter of Green, 146 Misc. 530, affd. 239 App. Div. 820, affd. 263 N. Y. 575; Matter of Terwilliger, 135 Misc. 170, affd. 230 App. Div. 763; Matter of Silsby, 229 N. Y. 396.)
George Purnell MacGregor contends that the entire principal of this trust passes by intestacy and should be divided equally between himself and his brother Charles. His contention is based on the argument that the will and codicil clearly show that the testator intended to divide the bulk of his estate equally between the two branches of his family one half to and through his son Charles and one half to and through his son George. He claims that this intention is evidenced by the will dividing testator’s personal effects equally between the two and devising an interest in a cottage to the two equally as tenants in common. Then he attempts to have us find further evidence of intended equality in article Eighth of the will which creates a trust for George with his surviving issue to take upon his death. That article stated that the trust was created in fairness to George in lieu of benefits already conferred upon Charles by reason of a gift of cash made to him on attaining his majority and estimated free rent at the home place at Morristown, New Jersey. The residuary disposition of one half outright to Charles and of one half in trust for George with the remainder to his issue is also cited as an indication of intended equality. Looking only at these indicia of intended equality George would strike *634 down the otherwise valid gift to Charles of one half of the remainder and declare the entire remainder to be intestate property with one half going to himself and one half to Charles. Such a result could not have been in the contemplation of the testator for should we ascribe such intention to him we would not only deny any interest in this fund to George’s issue, as we must in any event, but we would place in George’s hands principal intended for his issue when the gift of the income itself was limited by article Sixth of the codicil which reads:
‘ ‘ Sixth : I direct that my son george purnell macgbegor shall have no right or power to anticipate or in any wise encumber or give orders in advance for the income to be received by him from the trust funds created in and by Article eighth and Article ninth of my said Last Will and Testament. In the event that such income or any part thereof shall be transferred or conveyed or attempted to be transferred or conveyed, directly or indirectly, voluntarily or involuntarily, by personal act or judicial or other proceeding, or in the event that attempt shall be made to seize such income or any part thereof by legal process of any sort whatsoever, or, in the event that any disposition as to the payment of such income or any part thereof be directed or provided for by any act of my said son or in any decree of any court, then my Trustees shall discontinue the payments to my said son of income from said trust funds and thereafter so long as the assignment, conveyance, garnishment, attachment, process or order shall continue in effect or remain in operation, they shall apply the income, or so much thereof as may be necessary, to the support and maintenance of my said son and the members of his family and the persons dependent upon him, in such manner as my Trustees may deem advisable in their sole discretion, 'and any residue 'of such income not so used shall be paid absolutely to the next of kin of my said son.”
Obviously since the testator so rigidly restricted George’s enjoyment of the income, to say that he intended George to receive one half of the principal of this trust outright would be most inconsistent. A further distinction between the two sons made by the testator was his selection of Charles alone as an executor with the trust company.
The court must therefore agree with the remaining suggested solution, i.e., that one half of the remainder passes by the will to Charles Russell MacGregor and that there is an intestacy as to the other one half which as a result is distributable in equal portions to George P. MacGregor and Charles Russell MacGregor. The fact that any of the principal is payable to George *635 must be charged to the failure of the testator to make a valid disposition of one half of the remainder of this trust and the operation of the law 'as to intestate property.
Submit decree on notice settling the account and construing the will accordingly.