Joseph A. Cox, S.
Clauses second through eighth of the will of this testatrix contain substantial general legacies and trust provisions for a number of persons and a hospital and specific bequests of personal property to individuals and a museum. Clause ninth of the will reads as follows: 1 ‘ ninth : Out of the balance of my estate remaining after paying or providing for the payment of the bequests made in clauses second, third, fifth, sixth and eighth, I make the bequests hereinbelow set forth. No payment shall be made on account of any one of them until all those previously set forth have been paid in full or, in the sole and conclusive opinion of my Executors, amply provided for.” There follow 73 paragraphs in which bequests totalling approximately $1,000,000 are made to 88 legatees.
It is apparent that the testatrix anticipated the possibility that her estate would not be sufficient to permit full payment of every bequest made in her will and that has proved to be the fact situation confronting the executors. They have requested a construction of the will and a determination as to whether clause ninth not only grants a preferential status to the bequests in earlier clauses of the will but also creates some preferential order in respect of the payment of legacies under clause ninth. The executors contend that the will creates a preferential order of payment among the legatees listed in clause ninth and the legacies are to abate in the inverse order *761 of their listing. Legatees whose names appear towards the end of clause ninth contend that a preference within that clause was not intended and all of the bequests under clause ninth should abate proportionately. The contending parties rely upon the wording of the will, each seeing no ambiguity in the language and each confident of his own interpretation. This difference of opinion makes it apparent that, among reasonable men, the will is susceptible of more than one interpretation. The controversy centers upon the phrase “No payment shall be made on account of any one of them until ’ ’, one contention being that “any one of them” refers to the bequests made in clauses second through eighth while the opposing contention is that “ any one of them” refers to the later enumerated legacies provided in clause ninth.
The order in which bequests are listed in clause ninth does not provide any clear indication of the testatrix’ purpose. Normally the size of a bequest in relation to other bequests is some measure of the testator’s affection. Here bequests of small amounts precede much larger bequests, a fact which could indicate that the testatrix intended no priority. It also appears that granting a preference will discriminate among remote relatives, none of whom ordinarily would seem to have any preferred status as an object of bounty.
A hearing has been had in order to afford all parties the opportunity to present evidence as to the true intent of the testatrix. The draftsman of the will, who is one of the executors, testified to conversations and dealings he had with the testatrix in connection with the drafting of the will and some of the decedent’s prior wills and codicils were received in evidence. This testimony supports the contention that it was the intent of the testatrix to create a preferential order of payment with respect to the bequests made in clause ninth. The testimony of the will draftsman and the prior wills were received in evidence subject to a motion to strike, in order that a complete record might be created for possible appellate review.
Lacking some proof of the testatrix’ intention dehors the will, the presumption against the existence of a priority could be controlling. ‘‘ A fundamental rule in the construction of wills requires that when the assets of an estate are insufficient to pay all general legacies in full, in the absence of a contrary intent shown by the will, all legacies abate proportionately. (Matter of Neil, 238 N. Y. 138.) Equality is the rule and preference the exception.” (Matter of Cameron, 278 N. Y. 352, 358.)
*762 Direct statements of intent allegedly made by a testator to the will scrivener are inadmissible for any purpose other than to identify either the subject matter of the gift or the objects of the testator’s bounty. (Matter of Constantine, 36 Misc 2d 711; Matter of Morrison, 270 App. Div. 318; Baumann v. Steingester, 213 N. Y. 328; Matter of Coughlin, 171 App. Div. 662, affd. 220 N. Y. 681; 4 Page, Wills [Bowe-Parker Rev.], pp. 274-275; 9 Wigmore, Evidence, § 2472; Matter of Jolson, 202 Misc. 907; Matter of Hertzig, 177 Misc. 598.)
Parol evidence as to intent may be resorted to only to explain an ambiguity which exists dehors the will but may not be used “to supply, contradict, enlarge or vary the written words ”. (Brown v. Quintara, 177 N. Y. 75, 83.) The ambiguity in this will, if any in fact does exist, is found in the language of the will and not outside the will. The motion to strike the testimony of the will draftsman as to his conversations with the testatrix and the direct statements of intent made to him by the testatrix is granted.
In Matter of Powers (85 N. Y. S. 2d, 607, 609) Surrogate Delehaktty said: “ While resort to express declaration is rarely permitted proof of background facts is regularly taken because such facts bear directly on the actual meaning of the words used in the will as deceased understood them. The courts go far to seek a testator’s meaning in the background facts rather than take oral declarations which might involve the peril of making oral wills.” In the Powers opinion there is reference to Daniell v. Daniell (3 De G. & Sm. 337, 64 Eng. Reprint 505) where a number of wills of the decedent were received in evidence to establish an initial intention carried into each subsequent will. Under the circumstances here disclosed the decedent’s prior wills and codicils constitute background facts and are admissible in evidence. It is apparent from a reading of the prior wills that the language used in the established will was carried over from prior instruments but, in the interest of word economy, the text was shortened. In the will dated September 27, 1960 the provision read: ‘ ‘ Out of the remainder I make the bequests hereinafter set forth. They shall be paid in full in the order herein set forth and no payment shall be made on account of any bequest until all previously mentioned bequests have been paid in full.” Similar language, with but slight change, appears in the two subsequent wills which finally evolved into the language used in the probated instrument. There can be little doubt that a preferential order of payment was intended in the 1960 will and it is plain to see that, although the language may have *763 been changed in later instruments, there was no intent to change the testatrix’ plan of preferment. The intention of the testatrix to list bequests in order of preferment can be found in a codicil executed on December 1, 1961. There the testatrix stated: “I modify clause hihth of my will by adding the following bequests immediately after the bequest to hah bachmahh and preceding the bequest to the hew yobk phoehix school op desigh.” There would have been no purpose in directing the insertion of the four bequests in a particular position if no preference had been intended.
In Matter of Miner (146 N. Y. 121, 136) the court, while expressing some doubt as to the admissibility of prior wills, made the following statement: “ As to the previous will which was introduced in evidence, the object was to show that the same persons were intended to be benefited by the present will, who were the principal beneficiaries in the prior will. It is sufficiently plain from a comparison of the two wills and the literal identity of their language in important provisions, that the prior will must have been before the testator and furnished the model for drawing the present will. In that view of the case, perhaps it cannot be said that there was error in receiving in evidence the former will to aid in the construction of the present one.” The same thinking must prevail in this case as there can be no doubt that the testatrix’ prior wills served as models for the drawing of the present will.
In Matter of Smith (254 N. Y. 283, 289) the court stated: ‘ ‘ It is the modern rule that ‘ with the exception of direct statements of intention, no extrinsic fact relevant to any legitimate question arising in the interpretation of writings and admissible under the general rules of evidence,’ can be shut out. (Thayer’s Preliminary Treatise on Evidence, 445; Wigmore on Evidence, vol. 5, § 2470; Matter of Neil, 238 N. Y. 138; Dobbins v. Pratt Chuck Co., 242 N. Y. 106.) Sometimes the rule has been stated with the proviso that extrinsic facts may be shown in cases only ‘ where the language alone is of doubtful import.’ (Morris v. Sickly, 133 N. Y. 456.) We take this to mean merely that the probable intention of the writer, as indicated by extrinsic facts, may not prevail over the plain meaning of the written word, nor have any force whatever, unless the words incorporated in the writing are susceptible of a meaning which expresses the intent thus disclosed.”
The extrinsic evidence in the form of the decedent’s prior wills and codicils does not change, vary or contradict the meaning of the words in the probated instrument but does clarify the meaning of those words which, even standing by *764 themselves, can he read as creating a preferential order of payment. The court finds that it was the intent of the testatrix that the general bequests made in clause ninth of her will be paid in the order of their listing and that bequests under that clause abate in the inverse order in which they are set forth in the will.