Joseph A. Cox, S.
In this proceeding to construe the testator ’s will a hearing was held at the request of parties to permit proof as to the testamentary intention expressed in subdivision (b) of article Fourth of the will, which reads as follows: “ (b) Upon the death of my said wife, or if she shall not survive me, then upon my death, my trustees shall pay over the principal of the trust, or my residuary estate, as the case may be to my brother dr. irving nager, should he survive my wife and myself absolutely and forever. Should my brother dr. irving nager predecease my wife and me then my trustees shall pay over the principal of the trust, or my residuary estate, as the case may be, to my nephew, barry nager absolutely and forever.” The trust referred to in the quoted text is the residuary trust established by the testator for the benefit of his wife. The testator’s brother Dr. Irving Nager survived the testator but predeceased the testator’s widow, who is living. On July 20, 1959 the testator’s nephew Barry Nager assigned all his right, title and interest in the remainder to his father Dr. Irving Nager, whose estate representative has instituted this proceeding. No issue is raised as to the validity of that assignment.
The trust income beneficiary contends that the proceeding is prematurely brought because the trust will not terminate until her death and the present proceeding is in effect a request for tax advice (cf. Matter of Healy, 22 A D 2d 868). However, the question posed in the case at bar is not hypothetical and the basic facts pertaining to this issue were known, could not be changed by subsequent events and witnesses, including the widow, are now available to testify (Matter of Lederer, 4 A D 2d 623). The problem of whether to include the remainder interest in Dr. Irving Nager’s taxable estate is one that should be presently determined (Matter of Doerschuck, 8 Misc 2d 422; Matter of Lederer, supra; Matter of Patterson, 45 Misc 2d 797).
At the hearing objections were made to the testimony of Sidney Nager, the testator’s uncle. Insofar as the testimony of Mr. Sidney Nager referred to actual conversations had with the decedent with respect to his intent, the motion to strike is granted. Insofar as the testimony referred to background facts and circumstances existing at or about the time the will was executed, the motion to strike is denied. (Matter of Powers, 85 N. Y. S. 2d 607, 609; Matter of Smith, 254 N. Y. 283, 289; Matter of Frederick, 41 Misc 2d 759.) Although no motion was made to strike the testimony of the will draftsman the same *1052 ruling is applicable. All testimony by the attorney who drew the decedent’s will pertaining to the conversations had with the decedent and his notes and notations made with respect to such conversations are inadmissible as they constitute direct oral declarations of the testator’s intent (Matter of Smith, supra-, Matter of Frederick, supra-, Matter of Powers, supra-, Matter of Constantine, 36 Mise 2d 711; 4 Page, Wills [Bowe-Parker Rev.], pp. 274, 275; 9 Wigmore, Evidence [3d ed.], § 2472; Matter of Jolson, 202 Misc. 907).
The testimony was of no assistance in the disclosure of the testator’s intention and such intention must be sought in the will. Examination of the will reveals a simple testamentary plan. The testator divided his estate into two parts. That portion of the estate equivalent in value to the maximum marital deduction allowable for Federal estate tax purposes was bequeathed outright to the testator’s wife. In the event his wife predeceased him that portion of the estate was given outright to his wife’s nephew Dr. Lloyd Bergner. The balance of the estate was set up in trust with the income thereon payable to his wife during her lifetime. Upon her death or, in the event she did not survive the testator, upon his death, the trustees were to pay over the principal of the trust to his brother Dr. Irving Nager “should he survive my wife and myself absolutely and forever.” It is certain at this point that the testator meant to make a gift of the trust remainder to his brother Irving upon the death of his wife. Recognizing, however, the possibility that his brother might not survive his wife, the testator then proceeded to make a substitutionary gift of the trust remainder to his brother’s son Barry. In doing so he used the same language contained in the prior sentence stating that, should his brother Irving predecease “ my wife and me ”, the trust remainder or the residuary estate, as the case might be, was to be paid to his nephew Barry. The intent of the testator to make a complete disposition of his residuary estate is clear and under such circumstances a court should be reluctant to reach a conclusion resulting in intestacy (Matter of Hayes, 263 N. Y. 219; Matter of Fabbri, 2 N Y 2d 236). The testator intended either the residuary estate or the trust remainder, as the case might be, to go to his brother Irving if Irving would be alive to receive the bequest, and, consistent with this thought, if Irving predeceased the testator or the testator’s wife, the property was to go to Barry Nager. In Matter of Fabbri (supra, p. 240) it was said: “ If the court upon reading the will in this setting discerns a dominant purpose or plan of distribution, the individual parts of the will must be read in rela *1053 tion to that purpose and given effect accordingly (Roe v. Vingut, 117 N. Y. 204, 212). This is true despite the fact that a literal reading of the portion under construction might yield an inconsistent or contradictory meaning because of the use of awkward language inadvertently or carelessly chosen.”
In the case at bar the will draftsman used the conjunctive “ and ” instead of the disjunctive “ or ” and as a result inaccurately expressed the testator’s intent. In Matter of Gulbenkian (9 N Y 2d 363, 370), the court dealt with a similar situation in the following language: 1 ‘ The inarticulate use of the word ‘ and ’ instead of ‘ or ’ is of no consequence in this text. Although a use of the disjunctive (which we may substitute in place of the conjunctive used, Roome v. Phillips, 24 N. Y. 463, 469; Scott v. Guernsey, 48 N. Y. 106, 121; Matter of Wells, 113 N. Y. 396, 402-403) would have mandated a substitutional construction of the remainder interest, we are persuaded to draw the same conclusion by a comparison of paragraph Fifth with the other dispositive provisions.”
This court had the occasion to discuss unskillful language in Matter of Grace (N. Y. L. J., Jan. 25, 1965, p. 16, col. 5), and in concluding that it is the duty of the court to subordinate the language to the testamentary intention quoted and followed the opinion in Phillips v. Davies (92 N. Y. 199, 204), where the court said: “ If such was the real meaning and intention of the testatrix; if an examination of the whole will forces that conviction ; if its plain and definite purposes are endangered by inapt or inaccurate modes of expression; and we are sure that we know what the testatrix meant, we have a right and it is our duty to subordinate the language to the intention. In such a case the court may reject words and limitations, supply them or transpose them to get at the correct meaning.” This rule makes it possible for our court to give effect to the testator’s obvious and true intention (Starr v. Starr, 132 N. Y. 154, 158; Miller v. Gilbert, 144 N. Y. 68; Matter of Gallien, 247 N. Y. 195; Matter of Eveland, 258 App. Div. 432, 436; Matter of Fabbri, supra; Matter of Gulbenkian, supra; Matter of Larkin, 9 N Y 2d 88).
The court finds that the trust remainder will be distributable to the estate of Irving Nager as assignee of Barry Nager.
Submit decree on notice construing the will.